486 So.2d 1 (1986)
HYDE PARK Condominium Association, an Unincorporated Association, Appellant,
v.
Estero Island Real Estate, Inc., a Corporation and Philip Werner, Jr., Appellees.
No. 85-341.
District Court of Appeal of Florida, Second District.
February 5, 1986.
As Modified on Denial of Rehearing April 2, 1986.
Mark Schorr and Michael J. Brudny of Becker, Poliakoff & Streitfeld, P.A., Sarasota, for appellant.
Karl M. Scheuerman, Dept. of Business Regulation, Tallahassee, amicus curiae for appellant.
*2 J. Jeffrey Rice of Goldberg, Rubinstein & Buckley, P.A., Fort Myers, for appellee Estero Island Real Estate, Inc.
Steven Carta of Simpson, Henderson, Savage & Carta, Fort Myers, for appellee Philip Werner, Jr.
RYDER, Chief Judge.
Hyde Park Condominium Association appeals a final summary judgment and an amended final summary judgment in favor of Estero Island Real Estate and Philip Werner. We reverse.
Hyde Park Condominium Association is responsible for the operation of Hyde Park I Condominium. Appellee Werner acquired title to lots 1-7 of Unit D of the condominium in February of 1976. Werner subsequently deeded the property to appellee, Estero Island Real Estate in November of 1981. The property was, at that time, and still is unimproved.
In 1983, the appellant filed a claim of lien on Units D1-7 for past due assessments from 1970 to 1983. Appellee Estero filed a notice of contest of lien one month later. In September of 1983, appellant filed a partial release of claim of lien for the assessments dating from 1970 to February of 1976.
In September of 1983, appellant filed a complaint against the appellees. Count I sought to foreclose their claim of lien against appellee Estero's seven units. Counts II and III sought money damages from appellees Estero and Werner for the failure to pay assessments for common expenses which were due on the units. Appellees denied that they were responsible for paying assessments against the units, and alleged that the unimproved property owned by appellee Estero consisted of "lots" rather than "units."
Appellees filed a joint motion for summary judgment in which they alleged that the issue of law was whether the declaration of condominium provided for assessments to come due against unimproved lots for proposed apartments, or, whether the declaration only contemplated that assessments were to be paid by "completed apartments."
After a hearing, the court entered a final summary judgment and an amended final summary judgment in favor of appellees. The court found that under chapter 711, Florida Statutes (1969), lots 1-7 of Unit D of Hyde Park I were unimproved, and that the property was not "apartments" or "units" subject to or liable for assessments under chapter 711 (1969).
Under paragraph 7A of the Hyde Park Condominium declaration, all "units" are liable for a proportionate share of the common expenses in the same proportion as such "units" share in the common elements. Appellees own a 1/25th share in the common elements. However, they argue that their unimproved lots do not constitute units because under section 711.03(7), Florida Statutes (1969), condominium property is defined as "units of improvements." We disagree.
Under the 1969 Act, condominium property includes land, all improvements, all improvements on the land, and all easements and rights with the condominium. § 711.03(9). A "unit" is that part of the condominium property "which is to be subject to private ownership." § 711.03(13) (emphasis added). "Common elements" are defined as "portions of the condominium property not included in the units." § 711.03(4) (emphasis added). Therefore, under the 1969 Act, the only type of private ownership available within a condominium is a "unit." For this court to hold otherwise would, in effect, create property ownership rights which were not contemplated by either the legislature or the Hyde Park Condominium declaration.
Because appellees' unimproved lots were "units" within the meaning of section 711.03, Florida Statutes (1969), appellant is entitled to those past due assessments on appellees' property which are not barred by the statute of limitations or other applicable affirmative defenses.
Reversed.
GRIMES and FRANK, JJ., concur.