522 So.2d 35 (1987)
WELLEBY CONDOMINIUM ASSOCIATION ONE, INCORPORATED, Appellant,
v.
The WILLIAM LYON COMPANY, Appellee.
No. 87-0194.
District Court of Appeal of Florida, Fourth District.
December 30, 1987.
Rehearing Denied April 4, 1988.
Neil F. Garfield of Law Offices of Neil F. Garfield, P.A., Lauderhill, for appellant.
Robert E. Ferris, Jr., of Gustafson, Stephens, Ferris, Forman & Hall, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
We affirm the order entered on January 5, 1987, which amends and incorporates the "Orders on Motions for Summary Judgment and Final Summary Judgment in Favor of the William Lyon Company" dated December 19, 1986. Since the order and judgment as amended clearly state the facts and issues involved, we adopt that order:
This cause came on to be heard upon the Motion for Summary Judgment of the Plaintiff, and the Motion for Summary Judgment of the Defendant. The Court has examined the pleadings and the affidavits on file, and has heard argument of counsel. There are no issues of fact. Based upon the pleadings and affidavits on file, and the argument of counsel, the Court enters the following Orders and Final Summary Judgment.

FINDINGS OF FACT AND CONCLUSIONS OF LAW
1. The Declaration of Condominium of Welleby Townhome Condominium One was recorded in the Public Records of Broward County, Florida, on October 17th, 1974, in Official Record Book 5978, Page 793, et seq. This will be known as the Declaration of Condominium.
*36 2. The Plaintiff, WELLEBY CONDOMINIUM ASSOCIATION ONE, INCORPORATED, is a Florida Non-Profit Corporation, and pursuant to the Declaration of Condominium is empowered to levy and collect assessments for the maintenance and management of the Condominium.
3. The Defendant, THE WILLIAM LYON COMPANY, at all times material, was the owner of certain real property located in Broward County, Florida, described as follows:
Units # 101, # 102, # 103, # 104, # 105, # 203, # 204, # 401, # 402, # 421, and # 422, of Welleby Townhome Condominium One, according to the Declaration of Condominium thereof, as recorded in Official Record Book 5978, Page 793, et seq. of the Public Records of Broward County, Florida,
According to counsel for Plaintiff and Defendant, these lands described above are vacant and have no construction upon them.
4. On March 21st, 1986, the Plaintiff filed eleven (11) Claims of Lien against the lands owned by the Defendant for unpaid maintenance assessments which are recorded in Official Records Book 13268, Pages 11 through and inclusive of Page 21, all in the Public Records of Broward County, Florida.
5. Subsequent to filing these Liens, the Plaintiff filed this suit in the 17th Judicial Circuit in and for Broward County, Florida, seeking to foreclose these Claims of Lien. The Plaintiff alleged that the Defendant owned "condominium parcels", which were subject to assessment by the Plaintiff under § 718.116 of the Florida Statutes and pursuant to the Declaration of Condominium.
6. The Defendant filed its Answer and Affirmative Defenses, and later, by Order of this Court, amended its Affirmative Defenses. In its Answer, the Defendant stated that it dose (sic) not own "condominium units", as described in the Declaration of Condominium, or as defined under the Florida Statutes in force at the time that the Declaration of Condominium was recorded. In its Affirmative Defenses, and as amended, the Defendants alleged as to all of the Plaintiff's Counts, that it owned unimproved land with no apartments constructed on the land; stating further, that it does not own "condominium parcels" or "units", as defined by the Declaration of Condominium or the Florida Statutes, and therefore, its lands are not subject to an assessment by the Plaintiff.
7. The Plaintiff moved for a summary judgment with supporting affidavits, and the Defendant moved for a summary judgment with a supporting affidavit having attached to it the Declaration of Condominium.
8. Thus, as framed by the pleadings, the key issue before the Court is whether the lands owned by the Defendant are subject to assessment levied by the Plaintiff under the Declaration of Condominium and the Laws of Florida.
9. On October 17th, 1974, the date that the Delcaration (sic) of Condominium was recorded in the Public Records of Broward County, Florida, § 711.15(1) stated in pertinent part as follows:
(1) A unit owner, regardless of how title is acquired, including without limitation a purchaser at a judicial sale, shall be liable for all assessments coming due while he is the owner of the unit.
10. § 711.15(1) has been amended and is now codified as § 718.116(1), and the exact wording can be found under that section.
11. The definition of "unit", as set forth in § 711.03(15), effective as of October 17th, 1974, read as follows:
(15) "unit" means a part of the condominium property which is to be subject to private ownership. A unit may be in improvements, land, or land and improvements together, as specified in the Declaration of Condominium. (emphasis added).
12. § 711.03(15) has been recodified as § 718.103(16), and is an identical definition as that under § 711.03(15).
13. The Florida Statutes effective on October 17th, 1974, and those presently in *37 effect, evidence an intention by the legislature to have assessments made against unit owners. Both in the present Act, and that in effect on October 17th, 1974, is a definition for the word "unit". This definition permits a unit, which is the subject matter of an assessment against a private owner to be described in several different manners, as specified and as set forth in the Declaration of Condominium.
14. The Declaration of Condominium in question, does not use the word "unit" as the object of assessments. Rather, the scrivner (sic) of this document utilized the term "condominium parcel" as the object of assessments by the Condominium Association. As seen in Section VI, Common Expenses, on Pages 12 through 18, inclusive, of the Declaration of Condominium, assessments are to be made against condominium parcels. Under Sub-section "A" of that specific section, assessments are to be made only against the owners of "condominium parcels". Further, on Page 13 of the Declaration of Condominium it is stated as follows:
The owner of each condominium parcel shall be liable to the condominium association for the share of common expenses set forth in the attached Exhibit "A".
15. Section VI of the Declaration of Condominium consistently uses the term "condominium parcels". In addition, that term is utilized so consistently throughout this Declaration as to evidence a plan by the scrivner (sic). The Court determines that the use of the word "condominium parcel" was intentional, and it is a defined term under this Declaration. The Court has noted that this term is utilized in more than one place in the Declaration, and the following are just some of the examples: Section III, Property Interest  B. Condominium Parcel, Pages 7-11, wherein the survey boundries (sic) of a "condominium parcel" are defined; Section V  Membership in Welleby Condominium Association One, Inc.; Section VI  Expenses; Sub-sections C and D; and Sections IX and XI.
16. A condominium parcel, is defined under the Declaration of Condominium, in Section I, Sub-section I, as follows:
An apartment together with the undivided share in the common elements and all its easements, rights and interest which are pertinent to the apartment.
An apartment is defined as follows: "Section I  Definitions: (a) Apartment; Unit  Individual private dwelling."
17. The definition section of the Declaration of Condominium specifically defines what a condominium parcel is. It is an apartment; and individual private dwelling. It is not raw, unimproved lands. The scrivner (sic) of the Declaration of Condominium possessed the option, pursuant to § 711.103(15) [§ 711.03(15)], of describing a "unit" (that object of any condominium assessment) in any number of different ways pursuant to that Florida Statute. In this instance the scrivner, (sic) taking advantage of the option granted to him by that Section, chose to describe a "unit" in terms of a "condominium parcel", which is an individual private dwelling. As permitted by Statute, this Declaration specifically describes the object of assessments as land and improvements, namely, an individual private dwelling, and the use of the term "condominium parcel" is so specifically used throughout this Declaration of Condominium, as to preclude any other interpretation as to what the object of assessments was to be against. Assessments, according to this Declaration, could not be assessed and levied against anything other than an individual private dwelling, and the Declaration would not permit any interpretation allowing an assessment against raw, unimproved lands upon which there is no private dwelling.
18. The Court is aware of the most recent case known as Hyde Park Condo vs. Estero Island, 486 So.2d (sic) (Fla. 1st DCA 1986). This case is distinguishable from the present situation in that, the definition of "unit" under the 1969 Condominium Act is different than the definition in force and effect on October 17, 1974. In the Hyde Park case, Supra, the declaration of condominium provided that assessments would *38 be against units. Units under the 1969 Condominium Act included any part of the condominium property which was subject to private ownership. This broad definition would encompass land, land and improvements, or improvements. Thus, the owner of unimproved property, in that case, was subject to an assessment because, the definitional requirements of the declaration of condominium and the Florida Statutes, at that time, would have defined his raw, unimproved land as a "unit." Such is not the case before this Court, because, the definition of "unit" under Florida Statute § 711.103(15) [§ 711.03(15)] permitted a "unit" to be described in any number of different ways. In the present case, the scrivner (sic) of this declaration sought to define a "unit" as a private dwelling, thus exempting from an assessment, raw, unimproved property.

ORDERS ON SUMMARY JUDGMENTS
Based upon the Conclusions of Law and the Findings of Fact of this Court, the Court Orders:
1. The Plaintiff's Motion for Summary Judgment is denied.
2. The Defendant's Motion for Summary Judgment is hereby granted.

FINAL SUMMARY JUDGMENT IN FAVOR OF DEFENDANT
1. Based upon the Order of this Court granting a Summary Judgment in favor of the Defendant, the Court enters a Final Summary Judgment in favor of the Defendant and against the Plaintiff. The Plaintiff does not have legal authority to levy assessment against the Defendant's land. The Liens filed against the Defendant's lands are illegal.
2. Therefore, this Court orders the Clerk of the 17th Judicial Circuit in and for Broward County, Florida, to cancel and vacate the Claims of Lien filed against the lands owned by the Defendant; orders the Clerk of the Circuit Court to cancel and vacate the Lis Pendens filed herein; and further declares that the lands owned by the Defendant are not the subject matter of assessment, and that the assessments levied against those lands was a nullity and are therefore cancelled and rendered null and void.
3. The Complaint filed by the Plaintiff herein is hereby dismissed with prejudice, and a Judgment is entered in favor of the Defendant and against the Plaintiff on that Complaint.
4. That the Defendant, having prayed for attorney's fees in its Answer, pursuant to § 718.125, is hereby granted the right to present a Petition for Attorney's Fees to this Court. This Court specifically reserves jurisdiction of the subject matter and the parties thereto for purposes of assessing fees and costs against the Plaintiff and in favor of the Defendant at a subsequent hearing. The Court is also mindful that it has not disposed of the Counterclaim filed by the Defendant, and therefore, the Court specifically reserves jurisdiction of the subject matter and the parties hereto for determining the issues contained in the Counterclaim filed by the Defendant.
DONE AND ORDERED in Chambers, at Fort Lauderdale, Broward County, Florida, this 19 day of December, 1986.
We decline to address the issue of attorney's fees under section 718.125, Florida Statutes (1985). Since the trial court merely granted appellee the right to petition the court for attorney's fees, we must refrain from deciding this issue until the trial court rules.
AFFIRMED.
DOWNEY and GUNTHER, JJ., concur.
LETTS, J., concurs specially with opinion.
LETTS, Judge, concurring specially.
I concur in the result, but I am apprehensive that it may conflict with the case of Hyde Park Condominium Association v. Estero Island Real Estate, 486 So.2d 1 (Fla. 2d DCA 1986). As a consequence, and out of an abundance of caution, I *39 would certify the question to the Supreme Court.