619 So.2d 1008 (1993)
ESTANCIA CONDOMINIUM ASSOCIATION, INC., Appellant,
v.
SUNFIELD HOMES, INC., Appellee.
No. 92-00491.
District Court of Appeal of Florida, Second District.
May 14, 1993.
Rehearing Denied June 29, 1993.
*1009 Steven H. Mezer of Steven H. Mezer, P.A., Clearwater, for appellant.
Diane V. Kuenzel of Hobby & Kuenzel, Land O' Lakes, for appellee.
Karl M. Scheuerman, Dept. of Business Regulation, Tallahassee, for amicus curiae the Dept.
ALTENBERND, Judge.
Estancia Condominium Association (the Association) appeals a summary final judgment which declares that Sunfield Homes, Inc., is not the owner of condominium units subject to assessments. We reverse and remand for further proceedings. Although the record established that Sunfield Homes did not build a condominium structure with twenty units, as allowed by the declaration of condominium, Sunfield Homes failed to prove at the hearing on the summary judgment motion that it was not the legal owner of twenty units under the applicable Florida Statutes and the definition of "unit" within the declaration. Hyde Park Condominium Ass'n v. Estero Island Real Estate, Inc., 486 So.2d 1 (Fla. 1986).
In 1981, the Babcock Company recorded a declaration of condominium for Estancia Condominium. The declaration proposed a twelve-phase condominium in north Pinellas County that would include many multiple-unit buildings. By March 1981, only phase I had been substantially completed. On August 22, 1983, a first amendment to the declaration was recorded, submitting land for Building 200 and Building 600 to the condominium. At that time, Building 200 had already been built. Building 600 has never been built.
In 1990, Sunfield Homes purchased the vacant land that had been dedicated as Building 600. Although the record is limited, there is no allegation or any evidence to suggest that this property was legally extracted from the declaration of condominium. Thus, we must assume that the declaration of condominium and the deed transferring this property to Sunfield Homes reflect that the property is still subject to the declaration of condominium.[1]
Beginning in July 1990, the Association began assessing Sunfield Homes $94.49 per month, per unit for units 610 through 629. Sunfield Homes declined to pay these amounts, and the Association filed this action to foreclose its lien for delinquent assessments. The trial court, influenced by the Fourth District's decision in Welleby Condominium Ass'n One v. William Lyon Co., 522 So.2d 35 (Fla. 4th DCA), review denied, 531 So.2d 169 (Fla. 1988), declared that the unimproved land did not constitute twenty condominium units and found in favor of Sunfield Homes in the foreclosure action. The Association appeals, and is assisted by an amicus brief from the Department of Business Regulation.
In Hyde Park, this court held that certain undeveloped land constituted condominium "units" subject to assessment under the definition of "unit" in section 711.03, Florida Statutes (1969). Under that statute, a "unit" was that part of the condominium property "which is to be subject to private ownership." § 711.03(13), Fla. Stat. (1969). As this court pointed out, the 1969 condominium statutes contemplated only two types of condominium property  common elements and units. See generally Douglas Scott MacGregor, 1 Florida Condominium Law § 1.03 (D & S ed. 1980 & Supp. 1993).
In Welleby, the Fourth District held that the term, "condominium parcel" in a specific declaration of condominium did not include *1010 undeveloped land. In that case, the declaration did not use the word "unit" and defined "condominium parcel" as an apartment or an individual private dwelling. Welleby involved a declaration subject to the statutes in effect on October 17, 1974. It is arguable that the Fourth District's decision allowed the declaration of condominium to create a third type of condominium property that was neither a unit nor a portion of the common elements.
The parties in this case agree that the relevant Estancia declaration of condominium was filed pursuant to the condominium act in effect in 1981. Under that act, a "unit" is defined as "a part of the condominium property which is subject to exclusive ownership. A unit may be in improvements, land, or land and improvements together, as specified in the declaration." § 718.103(16), Fla. Stat. (1981).[2] The Estancia declarations define "unit" as "the part of the condominium property which is to be subject to exclusive ownership"  a definition which is indistinguishable from the definition in Hyde Park.
We do not need to decide in this case whether we agree with the Fourth District's decision in Welleby. This case is controlled by this court's holding in Hyde Park. At this stage in the proceeding, there is nothing in the record which refutes that Sunfield Homes purchased twenty units in the Estancia Condominium. If that is the case, it owns its proportionate share of the common elements as well as the twenty units contained in the undeveloped land dedicated to Building 600.
Reversed and remanded.
PARKER, A.C.J., and PATTERSON, J., concur.
NOTES
[1] On remand, it is possible that Sunfield Homes could establish that the title it received is outside the declaration of condominium.
[2] The 1981 condominium statute makes it clear that a unit owner is liable for assessments "regardless of how title is acquired." Section 718.116(1)(a), Fla. Stat. (1981). The assessments cannot be avoided by waiver of the use or enjoyment of the common elements. Section 718.116(2), Fla. Stat. (1981). The declaration, under limited circumstances, can excuse a unit owner, especially the developer, from the payment of its share of the common expense. Section 718.116(8), Fla. Stat. (1981). Sunfield Homes, however, does not argue that it is entitled to such treatment under the declaration.