661 So.2d 102 (1995)
Jeffrey WINKELMAN and Janet Sternberg Winkelman, husband and wife, Appellants,
v.
Eugene M. TOLL, Robert Locke and Kathleen Braiman, as Last Known Board of Directors and New Trustees of Mission Lakes Condominium Association, Inc., a dissolved Florida non-profit corporation, and ICON Development Corporation, a Florida corporation, Appellees.
Nos. 93-1128, 93-2270 and 93-2472.
District Court of Appeal of Florida, Fourth District.
September 13, 1995.
Rehearing Denied October 30, 1995.
*103 John H. Pelzer and David Allan Zulian of Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for appellants.
Henry Handler, Howard I. Weiss and Bruce A. Harris of Weiss & Handler, P.A., Boca Raton, for appellee-ICON Development Corp.
Karl M. Scheuerman and Janis Sue Richardson, Tallahassee, amicus curiae for the Department of Business and Professional Regulation.
WARNER, Judge.
In this quiet title action the trial court determined that property conveyed by legal description as phases of a condominium was not subject to the recorded declaration of condominium and the amendments thereto, because the units originally contemplated to be built on the property were never constructed. Because we hold that the property was subjected to condominium ownership upon the recording of the amendment to the declaration adding it to the condominium, we reverse.
In 1980, Mission Lakes Condominium was created by the recording of its declaration of condominium. The declaration contemplated the construction of nine phases, each to be submitted by the developer by amendment to the declaration. Article XVI stated in pertinent part as follows:
This Condominium may be developed in Phases pursuant to Chapter 718.403, Florida Statutes. Phases I through VIII, inclusive, are specifically depicted on Exhibits B through I, inclusive, and each unit owner in the first phase to be submitted to condominium form of ownership shall own an undivided interest in the common elements and common surplus and be responsible for the same share in the common expenses as set forth in Exhibit K to this Declaration. Should the Developer decide, in its sole discretion, to add all or part of Phases I through VIII to this condominium, each of said Phases shall consist of the property described and delineated on Exhibits A through I, inclusive, with the number and general size of the units depicted thereon. In the event all eight (8) phases are added to this Condominium, the same will consist of a total of one-hundred, thirty six (136) units and each unit owner in the Condominium will own the undivided interest in the common elements and be responsible for the same interest in the common expenses as more fully set forth in Article V of this Declaration. All phases added to this Condominium will be completed by August 30, 1985. As phases are added to the Condominium, the impact will be to increase the number of units, and the number of persons who will be entitled to use the recreational facilities will be increased accordingly. The further impact will be to increase the common expenses; however, the number of units sharing said expenses will be increased proportionately.
... .
Should the Developer, in its sole discretion, decide to construct and add units in all or part of the Phases I through VIII to this Condominium, then upon substantial completion of the construction of the units to be added in said phase or phases, the Developer shall cause a surveyor, authorized *104 to practice in the State of Florida, to prepare a survey of the phase or phases to be added, and certify said survey as required by, and pursuant to, the applicasble provisions of Chapter 718.104(4)(e), Florida Statutes. This survey shall be attached to an amendment or amendments to this Declaration and the same shall be executed solely by the Developer and recorded in the Public Records of Broward County, Florida, together with such exhibits relating thereto as the Developer determines, in its sole discretion, are necessary.
[all preceding emphasis added by trial court]
... .
Nothing contained in the Article shall be construed as requiring the Developer to construct any or all of the phases or units to this Condominium; but if one or more phases are added to this Condominium in one or more subsequent Amendments, such phases will be added to this Condominium by August 30, 1985. The Developer reserves the right to change the exterior and interior design of the units, so long as the Developer owns the units to be altered.
The declaration also provided that the property was submitted to condominium pursuant to chapter 718, Florida Statutes, "as presently constituted and in effect." A part of section 718.403, Florida Statutes (1979), governing phase condominiums provided:
(1) A developer may develop a condominium in phases, if the original declaration of condominium submitting the initial phase to condominium ownership provides for and describes in detail all anticipated phases; the impact, if any, which the completion of subsequent phases would have upon the initial phase; and the time period within which each phase must be completed.
... .
(4) If one or more phases are not built, the units which are built are entitled to 100 percent ownership of all common elements within the phases actually developed and added as part of the condominium.
The declaration of condominium of Mission Lakes complied with the statute. With the recording of the declaration the developer submitted phase II to condominium ownership, although it noted that the construction of the condominium was not substantially completed and that upon substantial completion of each phase, a certificate of a registered land surveyor would be recorded as an amendment to the declaration in accordance with section 718.104(4)(e), Florida Statutes.
Eleven days after the recording of the original declaration of condominium, the developer executed and then recorded an amendment adding phases I and III through VIII to the condominium. The amendment stated specifically:
2. Each unit contained within Phases I, and III through VII, inclusive, of the condominium, together with the appurtenances thereto, shall constitute a separate condominium parcel as provided for in the Declaration... .
3. Article I of the Declaration is amended so that the Developer states and declares that the real property described on Exhibits B and D through I, inclusive to the Declaration [which contained plot plans and legal descriptions of all phases] is also submitted to condominium form of ownership.
4. The owners of all condominium units, in Mission Lakes, A Condominium, shall be members of the Association as provided for in Article VII of the Declaration. Each unit owner shall also own an undivided fractional interest in the common elements, the limited common elements and shall be responsible for his share of the common expenses and common surplus as set forth in Article V of the Declaration.
The amendment also noted that construction on these phases was not complete and that an amendment attaching a certificate of a land surveyor would be filed upon substantial completion of the phase. Later the developer recorded additional amendments attaching land surveyor certificates showing the completion of Phases I and II.
The developer never constructed the rest of the proposed phases by the August 30, 1985 deadline, and the Mission Lakes Condominium Association was involuntarily dissolved by the Secretary of State on November *105 1, 1985. The appellants Winkelman purchased Phase I of the condominium in 1985 and Phase II in 1986 from the institutional mortgagee on the project. The same institutional mortgagee executed a warranty deed conveying all of Phases III through VIII to the appellee ICON in 1987. The deed to these phases described the property by their description as contained in the amendment to the declaration of condominium, and the deed was specifically subject to the declarations of condominium and amendments thereto.
The parties operated their respective units as separate entities. The appellee built six buildings on the various phases but did not record any surveyor's certificates. Both Winkelman and ICON rented out their units.
Some two years after ICON purchased the remaining phases of the condominium, Winkelman filed suit to reinstate the condominium association and then filed an amended complaint seeking recovery from ICON for its share of the common expenses of the condominium, which Winkelman had been paying. The suit was heavily litigated for several years before ICON filed a counterclaim to quiet title and to declare that its phases of the condominium were conveyed in fee simple and not subject to the condominium form of ownership at the time of their conveyance to ICON. As affirmative defenses to Winkelman's complaint, ICON also raised laches, estoppel, and the running of the statute of limitations.
A non-jury trial was held on the matter. The trial court ruled, as a matter of law, that ICON was conveyed its property in fee simple, unencumbered by the condominium form of ownership, based on the court's review of the declarations and the statutes in effect at the time of the declaration. The court reasoned that under the declaration of condominium, "substantial completion of the construction of the units to be added in said phase or phases" was a condition precedent to the phases becoming subject to condominium ownership. Because the construction never commenced, the property never became part of the condominium in accordance with the terms of the declaration. As further support for this construction, the court referred to sections 718.403(1) and (4), Florida Statutes (1979), quoted above, which, in establishing the right to develop condominium in phases, required the developer to state in the declaration the effect of the completion of subsequent phases on the initial phase. Moreover, the statute provided that if one or more phases are not built, the units in the built phases would be entitled to 100 percent ownership of the common elements within the phases actually developed and added. Therefore, because the units in phases conveyed to the appellee were never completed, the property was not subject to the condominium form of ownership at the time of the conveyance. It is from this ruling that this appeal was taken.
A condominium is strictly a creature of statute. Suntide Condominium Ass'n v. Division of Florida Land Sales and Condominiums, 463 So.2d 314 (Fla. 1st DCA 1984), review denied, 469 So.2d 750 (Fla. 1985). Therefore, the provisions of the declaration must conform to the statutory requirements, and to the extent that they conflict therewith, the statute must prevail. Indeed, the declaration itself provides that it is subject to the existing condominium law.
Section 718.104(2), Florida Statutes (1979), states: "A condominium is created by recording a declaration in the public records of the county where the land is located, executed and acknowledged with the requirements for a deed." It is the recording of the declaration in the public records that subjects the property to condominium ownership. Indeed, section 718.104(7), Florida Statutes (1979) states: "All provisions of the declaration are enforceable equitable servitudes, run with the land, and are effective until the condominium is terminated." (emphasis supplied)
One requirement of a declaration of condominium is that it contain a certificate of substantial completion of improvements. § 718.104(4)(e), Fla. Stat. (1979). However, where the property is subject to condominium ownership prior to substantial completion of the construction, the developer may submit the required surveyor's certificate by amendment to the declaration. See §§ 718.104(4)(e) and 718.105, Fla. Stat. Thus, *106 where the statute mandates that the condominium is created upon the recording of the declaration, the certificate of substantial completion cannot be a condition precedent to the creation of the condominium if it can be submitted at a later date. Prior to 1978, the statute did require the surveyor's certificate to be filed "in order to have a validly created condominium for conveyancing purposes." § 718.104(4)(e), Fla. Stat. (1977). However, that provision was deleted. Thus, while the developer must amend the declaration by filing the surveyor's certificate of substantial completion, it does not affect the validity of the condominium created when the declaration was filed. Therefore, completion of construction is not essential to the creation of a valid condominium on real property.
Likewise, "[a]n amendment of a declaration is effective when properly recorded in the public records of the county where the declaration is recorded." § 718.110(3), Fla. Stat. (1979). Thus, property submitted to condominium ownership by amendment becomes subject to the declaration upon recording of the amendment by operation of section 718.104(2). Just as the failure to complete the construction prior to recording the declaration does not prevent the formation of the condominium on the subject property, the failure to complete the construction in a phase prior to recording the amendment does not prevent the inclusion of the land in the condominium, because the amendment is effective when recorded. Any construction that a condominium was not created because the property was not later developed would put the declaration at odds with the specific statutory language and would leave the recorded amendment with no effect at all.
We do not read section 718.403 to be in conflict with this interpretation. Paragraph one of that section requires the developer to describe in the original document the effect of the completion of subsequent phases upon the initial phase. It does not address the timing of when the phases can be created by amendment. While the developer is not required to add the phase until the completion of improvements, once the property is added it becomes subject to the condominium and should be treated like any other condominium where construction is not substantially complete when the property is submitted to the condominium form of ownership. See § 718.104(4)(e), Fla. Stat. (1979).
We have reached our conclusion based upon an interpretation of the Condominium Act of 1979. Winkelman and the Division of Florida Land Sales, Condominiums, and Mobile Homes in an amicus brief also argue that a 1984 amendment to section 718.403(1) clarifies the intent of the statute that a condominium is created when the amendment submitting a phase to condominium ownership is filed even where construction is not completed. The amendment removed the word "completed" in the section and replaced it with "added." This was consistent with the Division's interpretation of the 1979 act that a condominium is created upon the recording of the amendment adding the property to the condominium regardless of the state of completion of the planned improvements. In re: Springwood Condominium Ass'n of Naples, No. DS 90065 (May 1, 1991), Declaratory Statement (on file with Department of Business Regulation, Division of Florida Land Sales, Condominiums, and Mobile Homes). We also read the amendment as a clarification consistent with the statutes and not as a change in its intent. Our construction brings section 718.403 into express harmony with sections 718.104(2) and 718.110(3).
Our result here is consistent with other decisional authority. In Estancia Condominium Ass'n v. Sunfield Homes, Inc., 619 So.2d 1008 (Fla. 2d DCA 1993), a second phase of a condominium was submitted to condominium ownership by amendment prior to the completion of one of the buildings to be located thereon. The building was never completed. Subsequently, the appellee purchased the vacant land that had been dedicated to the building. The condominium association assessed the appellee for common expenses on the unconstructed units. Finding that the units were assessable under the definitions within the declaration, the court held that the appellee was liable for the unpaid assessments. The court noted that there was no allegation that the land dedicated to the unconstructed building was "legally extracted from the declaration of condominium." *107 Id. at 1009.[1] Similarly, the property in question in this case has not been "legally extracted" from the declarations. According to the statute and declarations, the property is subject to the declarations until terminated in accordance therewith and with section 718.117, Florida Statutes (1979).
Finally, our interpretation is consistent with the fact that Florida has a notice type recording statute. § 695.01, Fla. Stat. (1993). Parties engaging in transactions regarding real property must rely on the recorded instruments affecting title to property. Where, as here, an amendment submitting property to the condominium form of ownership has been recorded, it is a notice to the world that the property is subject to all of the provisions and regulations of the declaration of condominium. Indeed, the deed provided to ICON specifically noted that it was subject to the terms of the declaration of condominium. We find it rather strange that ICON now contends that the property was not a part of that very condominium. Certainly, the seller of the phases intended that it be so. A conclusion that the record title is not what it says it is would wreak havoc on the transferability of property in this state.
Holding that the phases of the condominium owned by ICON are subject to the declaration of condominium, we reverse and remand for further proceedings consistent with this opinion.
POLEN and KLEIN, JJ., concur.
(Judge Polen did not participate in oral argument but has reviewed the presentation made at that proceeding.)
NOTES
[1] Appellee argues that Estancia and its predecessor, Hyde Park Condominium Ass'n v. Estero Island Real Estate, Inc., 486 So.2d 1 (Fla. 2d DCA 1986), are inconsistent with Welleby Condominium Ass'n One v. William Lyon Co., 522 So.2d 35 (Fla. 4th DCA 1987), in that the court in Welleby held that the unit owner was not liable for assessments on unconstructed units. However, the cases turned on the exact wording of the definition of "unit" and "condominium parcel" in the respective declarations. Welleby did not address whether the property dedicated to the unconstructed units was part of the condominium. In fact, from a reading of the opinion the court assumed that the property was part of the condominium but not subject to assessments.