# Third District Court of Appeal

## State of Florida

Opinion filed July 13, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-0233
Lower Tribunal No. 17-23799
_____

**814 Property Holdings, LLC, etc.,**
Appellant,

vs.

**New Birth Baptist Church Cathedral of Faith International, Inc., etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Alan S. Fine, Judge.

Lowy and Cook, P.A., and Leah R. Rose and Jonathan Smulevich; Gordon Rees Scully Mansukhani LLP, and David M. Gersten, for appellant.

Akerman LLP, and Carmen I. Tugender (Fort Lauderdale), Gerald B. Cope, Jr., and Michael B. Chavies, for appellee New Birth Baptist Church Cathedral of Faith International, Inc.

Before EMAS, LINDSEY and BOKOR, JJ.

ON THE COURT'S SUA SPONTE MOTION FOR CLARIFICATION

BOKOR, J.

We sua sponte withdraw our previously-issued opinion dated June 29, 2022, and substitute the following in its place.

814 Property Holdings, LLC appeals summary judgment in favor of New Birth Baptist Church Cathedral of Faith International, Inc. as to two claims for declaratory and injunctive relief under a condominium declaration. 814 Property argues that the trial court erred by interpreting the declaration to allow a limited common element appurtenant to a unit to be sold separately from that unit, as well as by invalidating a purchase option provision as an unreasonable restraint on alienation. Because we agree with the trial court's analysis finding the purchase option provision in the condominium declaration unenforceable, we affirm the final summary judgment on appeal.

**BACKGROUND**

814 Property and New Birth each own a unit in a two-unit condominium building located in Miami-Dade County. 814 Property owns unit number one, and New Birth owns unit number two. From its unit, New Birth operates a gospel radio station that broadcasts via a large radio antenna located on the condominium property.

The declaration of condominium that created the two-unit condominium includes specific provisions accounting for the radio antenna. The declaration categorizes the antenna as "a Limited Common Element appurtenant to Unit. No. 2 [New Birth's condominium unit]," and includes a clause giving 814 Property a first option to purchase New Birth's condominium unit:

Notwithstanding anything to the contrary hereinabove set forth, a right of first offer exists in favor of the Owner of Unit No. 1 ("Owner 1") to purchase Unit No. 2 upon and subject to the terms and conditions hereinafter set forth. The owner of Unit No. 2 ("Owner 2"), for good and valuable consideration paid by and received from Owner 1, has granted and does hereby give and grant unto Owner 1 the right and option to purchase ("Purchase Option") Unit No. 2 for the sum of $200,000.00 ("Option Price") upon and subject to the terms and conditions herein contained. The owner of Unit No. 2 ("Owner 2") agrees to use its best and good faith efforts to obtain approval for the transfer of the Radio Antenna by the Federal Communications Commission ("FCC"). On or before five (5) days after receiving such approval, Owner 2 shall notify Owner 1 in writing ("Offer Notice") and shall provide a copy of the FCC approval. The Purchase Option shall be exercisable by Owner 1 giving Owner 2 written notice of its exercise within ten (10) business days of receipt by Owner 1 of the Offer Notice (the "Notice Period"). If Owner 1 fails to exercise the Purchase Option prior to the expiration of the Notice Period, then and in such event, the Purchase Option shall be terminated, provided however, Owner 1 shall continue to have a right of first refusal to purchase Unit No. 2 at a price and upon terms and conditions as may thereafter be offered by a third party. Such right of first refusal must be exercised, if at all, on or before ten business days after receipt of written notice from Owner 2, which written notice shall be accompanied by a copy of the outside offer.

In August 2017, 814 Property exercised its right under the option clause to purchase Unit No. 2. 814 Property directed that New Birth "immediately use its best and good faith efforts to obtain approval for the transfer of the Radio Antenna by the [FCC]" to an appointee assigned by 814 Property. After New Birth refused to either recognize the purchase or transfer ownership of the radio antenna, 814 Property sued. Specifically, 814 sought both a declaratory judgment that the declaration obligated New Birth to use good faith efforts to obtain approval from the FCC for the transfer of the radio antenna to 814 Property (Count I), and damages and specific performance for the alleged breach of the declaration due to New Birth's failure to comply with the option clause (Count II). New Birth counterclaimed, seeking that the court declare the option clause unenforceable and void as a restraint on alienation.

Both parties moved for summary judgment. After a hearing, the trial court granted summary judgment in favor of New Birth, interpreting the declaration to have clearly and unambiguously intended for the word "transfer" to refer to transferring the antenna to another *location*, rather than to 814 Property, upon the exercise of the purchase option, as well as finding the option clause itself void and unenforceable as an unreasonable restraint on alienation. This appeal followed.

4

**ANALYSIS**

We review a trial court's grant of summary judgment de novo to determine whether there exists any disputed issue of material fact and whether the moving party was entitled to prevail as a matter of law. See, e.g., Garcia v. First Cmty. Ins. Co., 241 So. 3d 254, 256 (Fla. 3d DCA 2018). "A trial court's interpretation of a condominium's declaration is also reviewed de novo." Courvoisier Cts., LLC v. Courvoisier Cts. Condo. Ass'n, Inc., 105 So. 3d 579, 580 (Fla. 3d DCA 2012) (italics omitted).

A condominium declaration is a contract possessing "attributes of a covenant running with the land" and "spelling out mutual rights and obligations of the parties thereto." Cohn v. Grand Condo. Ass'n, Inc., 62 So. 3d 1120, 1121 (Fla. 2011) (quotations omitted); see also Rivercrest Cmty. Ass'n, Inc. v. Am. Homes 4 Rent Props. One, LLC, 298 So. 3d 106, 111 (Fla. 2d DCA 2020). "When interpreting a contract, the court must first examine the plain language of the contract for evidence of the parties' intent." Beach Towing Servs., Inc v. Sunset Land Assocs., LLC, 278 So. 3d 857, 860 (Fla. 3d DCA 2019) (quotation omitted). "Expressed intent is that found on the face of the covenant as shown by the language of the entire instrument in which the covenant appears." Id. (quotation omitted); see also Rivercrest,

298 So. 3d at 111 ("[C]ontractual provisions are to be interpreted in the context of the entire agreement.").

Here, the trial court properly entered summary judgment in favor of New Birth on the basis that the option clause in the declaration was an unreasonable restraint on alienation. "In general, restrictions and encumbrances on the alienation of property are disfavored, subject to certain exceptions recognized by the courts." Sandpiper Dev. & Constr., Inc. v. Rosemary Beach Land Co., 907 So. 2d 684, 685 (Fla. 1st DCA 2005). "When determining the validity of restraints on alienation, courts must measure such restraints in terms of their duration, type of alienation precluded, or the size of the class precluded from taking." Id. (quotation omitted). As explained by the Florida Supreme Court:

> The rule against unreasonable restraints on the use of property concerns restraints of such duration that they prevent the free alienation of property. While the rule against perpetuities invalidates interests which vest too remotely, the rule against unreasonable restraints is principally concerned with the duration of a restraint on the property rather than the time of vesting. The test which should be applied with respect to restraints on alienation is the test of reasonableness. The validity or invalidity of a restraint depends upon its long-term effect on the improvement and marketability of the property. Once that effect is determined, common sense should dictate whether it is reasonable or unreasonable.

Iglehart v. Phillips, 383 So. 2d 610, 614 (Fla. 1980) (noting also that "[i]t is generally agreed that an option restraint is reasonable if the option price is

6

at market or appraised value, irrespective of the duration of the option"); see also Smurfit-Stone Container Enters., Inc. v. Zion Jacksonville Ltd. P'ship, 52 So. 3d 55, 57 (Fla. 1st DCA 2010) (describing Iglehart as "the seminal case on the matter of preemptive rights and the alienation of property"; reversing in part as to summary judgment based on unreasonable restraint on alienability where contract allowed first option to purchase with unlimited duration, but did not require seller to accept offer and thus would not constrain marketability).[1]

The declaration imposes both a fixed price and an indefinite duration on the purchase option. The options clause allows "a right of first offer . . . in favor of [814 Property] to purchase Unit No. 2" for a fixed price of $200,000.00. This provision includes no time limit for the option, providing

---

[1] We note the en banc decision of this court in Metropolitan Dade County v. Sunlink Corp., 642 So. 2d 551, 555-56 (Fla. 3d DCA 1992) (en banc) adopts as the opinion of the en banc court Judge Jorgenson's dissent to the panel opinion, which found a restrictive covenant reasonable. Although the court found the restraint reasonable in that case, we note that the same analysis employed by Judge Jorgenson and the en banc court would yield a different result here. In Sunlink, the en banc court analyzed the "terms of [the restraint's] duration, type of alienation precluded, or the size of the class precluded from taking." Seagate Condo. Ass'n, Inc. v. Duffy, 330 So. 2d 484, 485 (Fla. 4th DCA 1976). Specifically, Judge Jorgenson explained that "the duration of the restrictive covenant is reasonable; the type of alienation precluded is legitimate, and the size of the class precluded from taking is reasonable, as it is not unlimited or absolute." Sunlink, 642 So. 2d. at 555. Here, unlike Sunlink, the restraint lasts indefinitely.

only that "[t]he Purchase Option shall be exercisable" within ten days of New Birth providing notice of its effort to obtain transfer of the radio antenna from the FCC. Nothing requires New Birth to seek such approval within a limited time, and if New Birth obtained FCC approval, the option would not terminate; rather, 814 Property would retain a right of first refusal on any outside offers, and this right would lapse only if not timely exercised. Because these terms contain none of the limitations outlined in Iglehart and would constrain the development and marketability of the unit around New Birth's endeavors to transfer the radio antenna, the trial court properly concluded that the options clause was unenforceable and granted summary judgment on that basis. See Iglehart, 383 So. 2d at 615 ("It is the generally accepted rule that a fixed price repurchase option of unlimited duration, independent of the lease, is an unreasonable restraint. . . . An option for a fixed price clearly discourages any improvements of the land by the existing property owner because he could never recover the value of the improvements should the optionee exercise the option."); Brine v. Fertitta, 537 So. 2d 113, 114 (Fla. 2d DCA 1988) (agreeing that option contract was void due to restraint on alienation where "the option was for an indefinite period and was, in effect, for a fixed price, i.e., a price which, while adjustable

8

for inflation, was not adjustable for changes in the market value of the property").

Accordingly, the trial court correctly found the purchase option clause unenforceable and granted final summary judgment in favor of New Birth.[2]

Affirmed.

---

[2] Because we first address the purchase option clause and affirm the order on appeal on that basis, we need not delve into the interpretation or legality of the option clause as it pertains to the transfer of Unit No. 2 separate from its appurtenant limited common element—the antenna. However, we note that after entry of summary judgment, this court addressed the issue of the statutory preeminence over conflicting provisions in a condominium document, disapproving the alienation of a common element separate from a unit to which it pertains. See IconBrickell Condo. No. Three Ass'n, Inc. v. New Media Consulting, LLC, 310 So. 3d 477, 480 (Fla. 3d DCA 2020) ("[A]ll provisions of a condominium declaration must conform to the [Florida Condominium] Act, 'and to the extent that they conflict therewith, the statute must prevail.'" (quoting in part Winkelman v. Toll, 661 So. 2d 102, 105 (Fla. 4th DCA 1995))); Brown v. Rice, 716 So. 2d 807, 809 (Fla. 5th DCA 1998) ("By enacting these statutes, our legislature has specifically prohibited the conveyance of all common elements, including limited common elements, unless such an interest passes along with the title to the living unit."); see also § 718.107(1), Fla. Stat. ("The undivided share in the common elements which is appurtenant to a unit shall not be separated from it and shall pass with the title to the unit, whether or not separately described."); § 718.106(2)(a), Fla. Stat. ("There shall pass with a unit, as appurtenances thereto," inter alia, "[a]n undivided share in the common elements and common surplus"); § 718.107(2), Fla. Stat. ("The share in the common elements appurtenant to a unit cannot be conveyed or encumbered except together with the unit."); § 718.103(19), Fla. Stat. (defining "limited common elements" as a subcategory of "common elements" which are "reserved for the use of a certain unit or units to the exclusion of all other units").