# Third District Court of Appeal

## State of Florida

Opinion filed July 9, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0707
Lower Tribunal No. 16-20883-CA-01
_____

**De Soleil South Beach Association, Inc.,**
Appellant,

vs.

**Amber Perrin, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Lisa S. Walsh, Judge.

Young, Berman, Karpf & Karpf, P.A., and Andrew S. Berman, for appellant.

Pardo Law LLC, and Joseph I. Pardo and Melissa L. Mackiewicz; Law Offices of Jason Gordon, P.A., and Jason Gordon (Hollywood), for appellee Amber Perrin.

Brodsky Fotiu-Wojtowicz, PLLC, and Joshua Truppman, for appellee Susan Rainone.


Before GORDO, BOKOR and GOODEN, JJ.

BOKOR, J.

De Soleil South Beach Association, Inc., appeals from an amended final order and judgment in favor of Amber Perrin and Susan Rainone as Trustee of the Susan Rainone Revocable Trust.[1] Perrin and the trust (the Unit Owners) each own transient use condominium units in the De Soleil South Beach in Miami Beach, Florida. The building consists of three parcels: the condominium, commercial space, and the parking garage. The dispute involves an agreement between the three parcels (the Master Declaration) and an amendment to that agreement which the Unit Owners claimed violated their rights to condominium common elements under chapter 718, Florida Statutes (the Condominium Act). The trial court found in favor of the Unit Owners. Because the amendment to the Master Declaration removed condominium unit owners' collective right to common elements under the Condominium Act, we affirm the trial court's well-reasoned amended final order and judgment.

I.

In 2006, a real estate developer recorded two instruments associated with the De Soleil South Beach, a multi-floor, mixed-use building in Miami Beach, Florida. The first instrument, the declaration of condominium (the

[1] We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A).

Condo Declaration) submitted the Residential Association, composed of the owners of the building's eighty transient use residential units, to the condominium form of government under the Condominium Act. Each unit owner held an undivided share in the common elements, or certain property not included in the individual units, like external concrete and utility infrastructure, and various easements of use and support. In short, the units existed in condominium: "that form of ownership . . . which is comprised entirely of units that may be owned by one or more persons, and in which there is, appurtenant to each unit, an undivided share in common elements." § 718.103(12), Fla. Stat. The Condo Declaration also made unit owners liable to the Residential Association for related expenses and required the collective action of the Residential Association to modify these rights. The Residential Association was "responsible for the operation of [those] common elements." Id. (3).

The other instrument, the Master Declaration, divided the building into three parcels: the condominium described above, governed through its Residential Association; the garage; and commercial space. The three parcels collectively were governed by De Soleil South Beach Association, Inc., the Master Association, with each parcel getting one vote. Through this governing structure, the developer, who owned both the garage and

3

commercial parcels, controlled the building's Master Association. The Condo Declaration contained a provision that in the event of a dispute between the Condo Declaration and the Master Declaration, the Master Declaration controlled.

In 2016, the Master Association amended the Master Declaration, over the protest of the Residential Association, through what is known as the "Second Amendment" to the Master Declaration. The Second Amendment granted the Master Association rights at the expense of the Residential Association and the constituent unit owners. It restricted unit owners from entering the garage; required 24–hours' notice to rent out units for unit owners not submitting their units to a pooled rental service run by the Master Association; deemed certain external structures like railings and concrete subject to Master Association control; and asserted a right to levy direct fines, impose liens, and evict individual unit owners.

The Master Association sought declaratory relief to affirm its rights under the Second Amendment. The Unit Owners opposed the relief sought and countersued. After a long and tortured procedural history including partial summary judgments and prior appeals, the trial court found that the contested provisions of the Second Amendment violated the Condominium Act. The Master Association appealed, arguing that the arrangement either

4

complied with or was not governed by the Condominium Act and that the trial court impermissibly limited the parcel owners' right to contract.

## II.

This court previously contemplated a similar scenario. See IconBrickell Condo. No. Three Ass'n, Inc. v. New Media Consulting, LLC, 310 So. 3d 477 (Fla. 3d DCA 2020). There, a condominium unit owner sought a declaratory judgment that the founding declaration improperly divested them of statutory rights by reclassifying the building's "common elements" as "shared facilities," a category whose properties were delineated by reference to the instrument as opposed to the statute. Id. at 479. This court held that the declaration of condominium could not supplant rights conferred by the Condominium Act. Id. at 480–81. We did so recognizing that the condominium ownership structure is "strictly a creature of statute," and that where private agreements conflict with the statute, "the statute must prevail." Id. at 480 (quoting in part Tranquil Harbour Dev., LLC v. BBT, LLC, 79 So. 3d 84, 86 (Fla. 1st DCA 2011), and Winkelman v. Toll, 661 So. 2d 102, 105 (Fla. 4th DCA 1995)).

The Master Association argues that IconBrickell is inapposite because here, rights held in condominium are subject to the contractual relation between the building's parcel owners as outlined in the Master Declaration.

5

And unlike the situation in IconBrickell, where "[a]ll three edifices are subject to a master declaration of condominium," id. at 478, here, the Master Association built a better mousetrap by subjecting only the condominium parcel to the Condominium Act. We agree that the governing structure of the building differs from IconBrickell, but we reach a similar result based on our interpretation of the rights appurtenant to a condominium under the Condominium Act.

Here, the Master Association, through the Second Amendment, reclassified condominium property, defined as "common elements" for the collective benefit of the unit owners, as Master Association property. In IconBrickell, this court held that a "recharacterization" of common elements as shared facilities subject to control of the hotel owner and the "resultant expropriation of undivided common ownership[] indubitably contravene[d] the edict of the [Condominium] Act." Id. at 481 (citing § 718.107, Fla. Stat.). The removal of common elements from condominium control by the Second Amendment similarly contravenes section 718.107 by separating, conveying or encumbering common elements appurtenant to the condominium units, without conveying the title to the units. It impermissibly removes from condominium control common elements under section 718.108, including "condominium property which is not included within the units," along with

6

certain easements and infrastructure required to furnish utilities and services to those units. § 718.108(1)(a), Fla. Stat.

The Condominium Act confers condominium unit owners with an undivided share in, and collective control over, common elements appurtenant to the units. IconBrickell held that members of a condominium association cannot alienate common elements defined by statute. 310 So. 3d at 480. So the Master Association, a stranger to the Condo Declaration, would not be able to take away what the unit owners cannot convey absent conveying title to their units. See id.; see also § 718.102, Fla. Stat. ("Every condominium created and existing in this state shall be subject to the provisions of this chapter."); § 718.303(2), Fla. Stat. ("A provision of this chapter may not be waived if the waiver would adversely affect the rights of a unit owner or the purpose of the provision . . . .").

III.

The trial court properly interpreted the Condominium Act and relevant caselaw in determining the propriety of the Second Amendment and the relation between the three parcels. See Criterion Ins. Co. v. Amador, 479 So. 2d 300, 300 (Fla. 3d DCA 1985); see also § 86.011, Fla. Stat. (authorizing trial courts to adjudicate "any immunity, power, privilege, or right" or fact upon

7

which they depend). As to the Master Association's other arguments, we affirm without discussion.

Affirmed.