181 N.J. Super. 565 (1981)
438 A.2d 944
SUNRISE VILLAGE ASSOCIATES, PLAINTIFF-APPELLANT,
v.
THE BOROUGH OF ROSELLE PARK, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 17, 1981.
Decided November 30, 1981.
Before Judges MICHELS, McELROY and J.H. COLEMAN.
*566 Harvey M. Douglen argued the cause for appellant (Stier & Douglen, attorneys; Harvey M. Douglen on the brief).
Joseph J. Triarsi argued the cause for respondent (Pisano & Triarsi, attorneys; Joseph J. Triarsi on the brief).
PER CURIAM.
The judgment of the Law Division is affirmed substantially for the reasons expressed by Judge Feller in his written opinion reported in Sunrise Village Associates v. Roselle Park, 181 N.J. Super. 567 (Law Div. 1980).
We would simply add that we do not read § 3 of the ordinance of the Borough of Roselle Park which requires the security guard to make periodic patrol and inspections of the apartment complex and to undertake all actions necessary to assure the personal safety, privacy and protection of the residents of each such apartment complex to require the security guards to undertake the duties of the local police department in investigating crimes and in apprehending and prosecuting criminal offenders. Furthermore, there is nothing in the record from which it could fairly be concluded that the Borough of Roselle Park in enacting the ordinance under review sought to relieve itself of the duty to provide general police protection. In this regard, we deem it appropriate to repeat what our Supreme Court stated in Hudson Circle Servicenter, Inc. v. Kearny, 70 N.J. 289 (1976), in upholding an ordinance enacted by the Town of Kearny which sought to regulate parking lots operated in conjunction with truck stops, requiring, among other things, that the operator provide a uniformed security guard at all times:
With respect to Kearny's ordinance, it is clear that the clauses which require a uniformed guard at the lot are subject to the same limitations and are accorded the same presumptions as are the other sections of the ordinance. That this provision bears a reasonable relationship to the purposes of the ordinance cannot be doubted.
The presence of a uniformed guard would certainly deter criminal conduct. Moreover, in accordance with instructions from his employer, the guard could prevent all unauthorized persons or vehicles from entering the lot. Finally, he could direct traffic especially on those occasions when emergency vehicles must enter the premises.

*567 More importantly, the guard would be available to report the activities of suspicious individuals to the police and thus help avert criminal conduct. At trial, defendant's Chief of Police testified that on such occasions the guard would merely notify the police who would then bear the burden and responsibility of enforcing the law. We do not read Sections 1(b) or 1(c) of the ordinance to require that the uniformed guard undertake the duties of the police department in investigating crimes and apprehending and prosecuting criminal offenders. There is no evidence in the record which substantiates plaintiff's assertion that "Kearny is seeking to compel the formation of a private police force." Similarly, there is no evidence which suggests that the requirement is excessively burdensome or unworkable. Because plaintiff has failed to demonstrate that this provision is arbitrary or unreasonable, we reverse the judgments below and uphold the requirement that a uniformed guard be stationed at the lot at all times. This is a valid exercise of the police power. [at 310-311; footnote omitted]
Affirmed.