413 So.2d 30 (1982)
Pauline T. RAINES, et al., Petitioners,
v.
PALM BEACH LEISUREVILLE COMMUNITY ASSOCIATION, INC., etc., Respondents.
No. 60918.
Supreme Court of Florida.
April 8, 1982.
*31 Marshall B. Wood, Jr. and Robert T. Scott of Wood, Cobb, Murphy & Craig, West Palm Beach, Gunster, Yoakley, Criser & Hersey, Palm Beach, and Edna L. Caruso, West Palm Beach, for petitioners.
Mark B. Schorr of Becker, Poliakoff & Streitfeld, Fort Lauderdale, for respondents.
Helen C. Ellis, Div. of Florida Land Sales and Condominiums, Dept. of Business Regulation, Tallahassee, for amicus curiae.
Albert G. Caruana and David M. Wells of Greenberg, Traurig, Askew, Hoffman, Lipoff, Quentel & Wolff, Miami, Stephen W. Metz, Tallahassee, and Robert M. Rhodes of Messer, Rhodes, Vickers & Hart, Tallahassee, for the Florida Home Builders Association, amicus curiae.
McDONALD, Justice.
We granted review in this case in order to answer the following question:
WHETHER A COMMUNITY ASSOCIATION WHICH HAS AND EXERCISES ADMINISTRATIVE AND MANAGEMENT POWERS AND DUTIES IN A REAL ESTATE DEVELOPMENT COMPRISED OF CONDOMINIUM AND OTHER FORMS OF REAL PROPERTY OWNERSHIP IS GOVERNED BY CHAPTER 718 OF THE FLORIDA STATUTES, THUS ENTITLING EACH PROPERTY OWNER IN THE DEVELOPMENT TO THE BENEFITS AND PROTECTIONS THEREOF?
We decline to answer the question as framed and dispose of this case by affirming that the respondent association is not an association within the meaning of sections 718.103(2) and 718.303(1), Florida Statutes (1979). The district court properly concluded that the respondent association is not liable for attorneys' fees under section 718.303(1).
Leisureville is a planned community consisting of 1803 improved lots with single-family homes and 502 condominium apartments. Each of the 21 apartment buildings has its own condominium association, while the respondent community association is a maintenance/management entity for the entire community. In 1972 a group of apartment owners filed a class action against the respondent association and the single-family lot owners claiming that the association had improperly assessed maintenance fees. The trial court found for the association, but the district court reversed. Raines v. Palm Beach Leisureville Community Association, 317 So.2d 814 (Fla. 4th DCA 1975). On remand a special master found that an improper method of assessment had been used and that the respondents owed the apartment owners $303,762.40. The trial court adopted the special master's report, and, at a subsequent hearing, *32 granted the petitioners' motion for attorneys' fees. On appeal of this order, the district court found the respondent association not to be an association within the meaning of the condominium statute and reversed the trial court's award of attorneys' fees. Palm Beach Leisureville Community Association, Inc. v. Raines, 398 So.2d 471 (Fla. 4th DCA 1981). Two weeks after issuing its opinion, the district court certified its question to this Court.
The purposes of chapter 718 are to give statutory recognition to the condominium form of ownership and to establish procedures for the creation, sale, and operation of condominiums. § 718.102. As pointed out by the district court, a condominium association derives its powers, duties, and responsibilities from chapter 718 and from the association's declaration of restrictions and bylaws. Each of the 21 apartment buildings, through its separate declaration, is a condominium, and each apartment owner is subject to the condominium form of ownership. The declaration of restrictions for the single-family lots, on the other hand, do not create a condominium form of ownership.
The respondent association derives its powers from its articles of incorporation and from the declarations of restrictions governing both the condominium apartments and the single-family lots. Although the association has broad powers, it is not "the corporate entity responsible for the operation of a condominium." § 718.103(2). The individual condominium associations fit within this definition, but the respondent association does not.
It might well be that other associations similar to this one would be associations as defined by the statute. We can find, however, no legislative intent to cover the instant management association. The legislature might decide to include this type of association within the scope of chapter 718 in the future, but we conclude that the respondent association presently does not come within the ambit of the condominium statute. We approve the district court's opinion.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON, ALDERMAN and EHRLICH, JJ., concur.