479 So.2d 112 (1985)
DEPARTMENT OF BUSINESS REGULATION, DIVISION OF LAND SALES, etc., Petitioner,
v.
Herman E. SIEGEL, Respondent.
TOWERS OF QUAYSIDE HOMEOWNERS ASSOCIATION, Petitioner,
v.
Herman E. SIEGEL, Respondent.
Nos. 65814, 65834.
Supreme Court of Florida.
November 27, 1985.
Thomas A. Bell and Karl M. Scheuerman, Staff Attys., and David M. Maloney, Deputy General Counsel, Tallahassee, for Dept. of Business Regulation.
David W. Trench and Martin A. Schwartz of Rubin, Baum, Levin, Constant, Friedman and Bilzin, Miami, for Towers of Quayside Homeowners' Ass'n, Inc.
Mark B. Schorr of Becker, Poliakoff and Streitfeld, Fort Lauderdale, for Herman E. Siegel.
*113 Richard E. Gentry, Tallahassee, amicus curiae for Florida Home Builders Ass'n.
Robert E. Dady, Steven M. Siegfried and Raul A. Arencibia of Dady, Siegfried and Kipnis, Coral Gables, amici curiae for Builders Ass'n of South Florida and The Gardens of Kendal Property Owners Ass'n, Inc.
OVERTON, Justice.
These petitions seek review of the decision of the Third District Court of Appeal reported as Siegel v. Division of Florida Land Sales and Condominiums, Department of Business Regulation, 453 So.2d 414 (Fla. 3d DCA 1984). The district court reversed a declaration of the Division of Florida Land Sales (Division) and held that a homeowners' association that controls common properties for the benefit of multiple condominiums, as well as for properties yet to be developed, is a condominium association within the meaning of chapter 718, Florida Statutes (1983). We find express conflict with Raines v. Palm Beach Leisureville Community Association, 413 So.2d 30 (Fla. 1982), and have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We quash the district court's decision, concluding that the Division's declaration that the Towers of Quayside Homeowners Association is not governed by chapter 718, correctly applied the statute to the facts of this case.
This class action commenced when the respondent, on behalf of himself and other Towers of Quayside No. 2 condominium unit owners, petitioned the Division for the issuance of a declaratory statement that the Towers of Quayside Homeowners' Association is a condominium association governed by the provisions of the Condominium Act, thereby enabling the unit owners to elect no less than one-third of the membership of the homeowners' association board of directors pursuant to section 718.301(1), Florida Statutes (1983). Section 718.103(2) defines an association for purposes of that chapter as "the corporate entity responsible for the operation of a condominium." Under section 718.103(15), the operation of the condominium is defined to include "the administration and management of the condominium property."
At the time this action was instituted, four condominium buildings existed in the Quayside development, and two parcels remained undeveloped. The developer may, if it so desires, construct non-condominium dwelling units on the two undeveloped sites. The Declaration of Condominium for each building provides that a separate condominium association operate the building and its "common elements," consisting of parking lots, terraces, recreational amenities, a swimming pool, balconies, and air conditioning equipment. In accordance with the "Declaration of Covenants, Restrictions and Easements" applicable to the entire development, there is conferred upon the Towers of Quayside Homeowners' Association the authority to operate the "common properties," which include a health spa, marina, restaurant, and tennis courts, and the responsibility to maintain architectural conformity throughout the community for all properties. The homeowners' association also has the power to assess for the expenses of these properties. At the time respondent brought this action, the membership of this homeowners' association consisted exclusively of condominium unit owners, including the developer, but, as respondent concedes, it eventually could include owners of non-condominium dwelling units, if such units are constructed.
Before the Division, Siegel asserted that the homeowners' association is a condominium association that should be governed by the provisions of section 718.301. In rejecting Siegel's argument, the Division relied on this Court's decision in Raines, in which we held that a community association that governs condominium properties as well as single family homes is not "the corporate entity responsible for the operation of a condominium," 413 So.2d at 32 (quoting § 718.103(2), Fla. Stat. 1979). In its findings, the Division compared the associations involved in this case and Raines, and found that both derived powers from "articles of incorporation and declaration of restrictions, *114 to assess for expenses of certain community-wide services and property not held in condominium ownership such as recreational facilities." The Division further noted that the Quayside declaration of covenants imposes upon each separate condominium association the duty to maintain the condominium property at its sole cost and expense, concluding that, because the homeowners' association "is not the entity responsible for the operation of any condominium property," it is not an association within the meaning of the act. The district court of appeal reversed the Division's ruling, based on its finding that "the homeowners' association does, to a meaningful extent, operate condominium property," that "the common properties were submitted to condominium ownership," and that, in its present form, the homeowners' association is comprised exclusively of condominium unit owners. 453 So.2d at 420.
We find that our decision in Raines controls. We quash the district court's opinion, and agree with the Division that this homeowners' association is not a condominium association under the provisions of chapter 718. It is unrefuted that the membership of this homeowners' association might eventually be partially comprised of non-condominium dwellers. The association presently has the authority to impose assessments upon properties that are not condominium property within the meaning of chapter 718. We find that this homeowners' association is not "the corporate entity responsible for the operation of the condominium." Although we conclude, as we did in Raines, that chapter 718 reveals no legislative intent to include this type of community "management association" within its scope, 413 So.2d at 32, the statutory treatment of this type of association might be an appropriate subject for legislative consideration.
For the reasons expressed, we quash the decision of the district court of appeal and approve the ruling of the Division of Land Sales and Condominiums.
It is so ordered.
BOYD, C.J., and ADKINS, McDONALD, EHRLICH and SHAW, JJ., concur.