491 So.2d 334 (1986)
Emory W. SCOTT, Jr., et al., Appellants,
v.
SANDESTIN CORPORATION, et al., Appellees.
No. BI-59.
District Court of Appeal of Florida, First District.
July 18, 1986.
D. Michael Chesser of Chesser, Wingard, Barr & Townsend, Fort Walton Beach, for appellants.
Steven A. Werber and Gardner F. Davis of Commander, Legler, Werber, Dawes, Sadler & Howell, Jacksonville, for appellees.
DAVEY, P. KEVIN, Associate Judge.
Appellants, some eighty owners of condominium units in the Sandestin resort project in Walton County, Florida, appeal from a final declaratory judgment which determined that the project developer, Sandestin Corporation (Sandestin), could require membership in the Sandestin Owners' Association (SOA) as a prerequisite to use of the project amenities.
The Sandestin project includes a number of condominium and homeowner associations which govern individual condominium units and single-family residences. SOA is a "master association" comprised of representatives of these individual associations. The SOA was formed in 1979 and is responsible for maintenance of roadways, lakes and lagoons, landscaping and lighting, security, garbage service, pest control, insurance and taxes for the entire project.
Appellants, or their predecessors in title, purchased their units in 1974 and 1976, prior to the acquisition of the project by Sandestin, and thus were not automatically members of SOA. Sandestin's management requested that the appellants join the SOA. Appellants declined citing their dissatisfaction with the extent and scope of the power conferred on the developer by the association agreement. Sandestin and SOA then sought a declaration from the circuit court that the developer could require membership in the SOA as a condition of appellants' use of the project amenities.
Appellants' declarations of condominium provided that
[e]ach unit owner, and each owner's family, visitors, guests and lessees, shall be permitted to use the developer's recreational and other facilities on a membership basis on such terms and conditions as the developer may, in its absolute discretion, impose from time to time (emphasis supplied).
The deed which conveyed the project from appellants' grantor to Sandestin's predecessor in title granted use of the project amenities *335 "in accordance with then-existing rules and regulations."
Although the declarations of condominium granted the developer absolute discretion to set the terms and conditions under which unit owners could utilize the appurtenant amenities, appellants contended that the terms and conditions must be fair and reasonable. We, as did the court below, agree with this proposition. Flamingo Ranch Estates, Inc. v. Sunshine Ranches Homeowners, Inc., 303 So.2d 665 (Fla. 4th DCA 1974). However, after receiving the testimony that "master associations" are common to such large projects and provide for necessary upkeep in the face of high absentee ownership, the trial court held that association membership was not an unreasonable condition on amenities use. We agree.
Appellants initially urge that the condition of master association membership is unreasonable because of SOA's internal practices and certain decisions that have been made by this master association. However, the propriety or not of those practices and decisions was not before the trial court and is not before us. Our only concern is whether competent substantial evidence supports the trial court's finding that master association membership is a reasonable condition on amenities use. Clegg v. Chipola Aviation, Inc., 458 So.2d 1186, 1187 (Fla. 1st DCA 1984).
Appellants further contend that they were not informed of the membership requirement when they purchased their unit, and that the membership requirement is therefore unreasonable as contrary to the policy of disclosure set forth in Chapter 718, Florida Statutes. However, this argument must fail in light of Department of Business Regulation v. Siegel, 479 So.2d 112 (Fla. 1985), wherein the Supreme Court specifically held that Chapter 718 was not intended to include master associations within its purview. Therefore, any non-compliance with Chapter 718 is irrelevant to the unreasonableness vel non of the membership requirement.
Additionally, appellants advance the argument that they have an "easement by implication" in the subject amenities which precludes appellees' action. Again, we disagree. The rationale behind permitting an implied easement is that the parties intended to grant or reserve such an easement as a part of the conveyance of land, based on the circumstances at the time of the conveyance. Williams Island Country Club, Inc. v. San Simeon at the California Club, Ltd., 454 So.2d 23 (Fla. 3d DCA 1984). The reservation regarding amenities contained in the appellants' declarations of condominium precludes a finding of such intent in this case.
Affirmed.
WENTWORTH and NIMMONS, JJ., concur.