525 So.2d 438 (1988)
R.O. DOWNEY, et al., Appellants,
v.
JUNGLE DEN VILLAS RECREATION ASSOCIATION, INC., Etc., Appellee.
No. 87-868.
District Court of Appeal of Florida, Fifth District.
April 7, 1988.
Rehearing Denied May 25, 1988.
*439 Thorwald J. Husfeld of Landis, Graham, French, Husfeld, Therman & Ford, P.A., Deland, for appellants.
Horace Smith, Jr., P.A., and Dwight Chamberlin of Dunn, Smith & Withers, Daytona Beach, for appellee.
COWART, Judge.
The appellants are unit owners in the Jungle Den Villa Condominiums, a development built by the same developer in seven phases, each having an individual condominium association.
In the prospectus to the condominiums, the developer represented that he intended to construct a recreation facility and to deed it to a corporation to be owned by the several condominium associations for the use and benefit of unit owners. A separate corporation, appellee Jungle Den Villas Recreation Association, Inc., (hereinafter referred to as the recreation association) was organized to provide an entity for the ownership, operation, and management of recreation facilities for the use of all present and future condominium unit owners. Each unit owner automatically is a member of the recreation association, and membership cannot be assigned or transferred except as an appurtenance to a condominium unit. A member of the recreation association is entitled to one vote for each condominium unit the member owns.
The developer constructed the recreation facilities with the proceeds from a mortgage, then defaulted on the mortgage. Foreclosure was threatened. Pursuant to a vote of its members, the recreation association and the developer agreed that, in exchange for the association assuming the mortgage, the developer would convey to the recreation association title to the recreation building and also to a vacant piece of property located next to the recreation building.
Later the members of the recreation association considered how to use this vacant land. A bare majority decided to build a swimming pool and assess each unit owner $450.00 for the construction. Appellants, *440 unit owners who opposed either the construction of the pool or the assessment, filed an action for declaratory and injunctive relief. The action sought a determination of whether the recreation association had the authority to acquire land, build a swimming pool, and assess the members of the recreation association for the cost, without unanimous approval of the members as required by section 718.110(4), Florida Statutes (1985). The trial court found the recreation association to be an entity separate from the several Jungle Den Villas Condominium Associations, and ruled that the recreation association had the right to acquire property, improve it, and assess accordingly, without the unanimous approval of its members. We reverse.
Under section 718.110(4), Florida Statutes (1985), a material alteration or modification of the appurtenances to a condominium cannot be made absent unanimous approval of all unit owners. See Beau Monde, Inc. v. Bramson, 446 So.2d 164 (Fla. 2d DCA), rev. denied, 453 So.2d 43 (Fla. 1984); Towerhouse Condominium, Inc. v. Millman, 410 So.2d 926 (Fla. 3d DCA 1981), approved on different grounds, 475 So.2d 674 (Fla. 1985). The purpose of this provision obviously is to prevent a majority of the members of a condominium association from making capital acquisitions and dispositions and material alterations and modifications (as distinguished from normal maintenance) which a majority of the unit owners might desire but which some unit owners might not want or be able to afford. Therefore, for a "condominium association[1]" to acquire property, construct a pool on it, and assess each member for the cost, unanimous approval of each unit owner would be required. The dispositive question becomes whether, under the facts of this case, the recreation association should be treated as an entirely independent corporation not for profit or as a de facto condominium association subject to chapter 718, Florida Statutes.
The recreation association should be treated as a condominium association under the "constituency test."[2] The essence of that test addresses whether the recreation association's "membership is comprised of only condominium unit owners, and only condominium unit owners have rights in the property administered by the Association... ."[3] The recreation association's articles of incorporations state that:
4.1 The initial members of the Association shall consist of all the record owners of Condominium Units in Jungle Den Villas Condominiums, Phases 01 through Five. As additional phases are completed, the unit owners in such phases [including the developer] shall become members upon the completion of construction and final recording in the Declaration of Condominium... .
* * * * * *
4.3 The interest of a member in the funds and assets in the [Recreation] Association cannot be assigned, hypothecated or transferred in any manner except as an appurtenance to his unit in Jungle Den Villas Condominiums.
The recreation association is entirely owned and controlled by the unit owners. The property titled in the recreation association's name, including the vacant lot upon which the pool is to be built, is expressly held for the use and benefit of the condominium unit owners and no one else. The recreation association exists solely to serve *441 these unit owners.[4] Only unit owners, and never non-unit owners, comprise the members of the recreation association.
As to the "function" test, though in form the recreation association is a nonprofit corporation with its own articles of incorporation, bylaws, etc., (separate from the nonprofit corporations which are the condominium associations) and could normally act in acquiring, managing, and disposing of capital assets held in the corporation's name without the unanimous consent of all members, the recreation association's functions and actions, in substance, are those of a condominium association under chapter 718. While the recreation association does not "manage" or "maintain" or "operate" recreation areas or other common elements, the title to which is held by a condominium association, as do most "master associations" or "homeowners' associations," the legal title to the property in question is held by the recreation association for the use and benefit of unit owners of all phases in Jungle Den Villas, and is, in substance and equity, an "appurtenance to the condominium" and the same as a "common element" of each individual condominium association as those words are defined in section 718.103(6), Florida Statutes. The legislative intent of the requirement in section 718.110(4) of unanimous approval of any material alteration or modification of the appurtenances to a condominium unit should not be vulnerable to circumvention by the simple act of setting up an ostensibly independent corporation empowered to perform some of the functions of a condominium association but without the unit owner protection provided by chapter 718, Florida Statutes.[5]
The cases cited by the recreation association, including Raines v. Palm Beach Leisureville Community Association Inc., 413 So.2d 30 (Fla. 1982), and Department of Business Regulation, Division of Land Sales v. Siegel, 479 So.2d 112 (Fla. 1985), are distinguishable. In Raines, the supreme court held that a community association was not a condominium association as defined in section 718.103(2) because the community association governed single family homes as well as condominium properties. In Siegel, the supreme court held that a home owner's association was not a condominium association under chapter 718 because the membership of the homeowners's association "might eventually be partially comprised of non-condominium dwellers." Id. at 114.[6] Further, the homeowner's association in Siegel merely "operated" certain common properties and had the responsibility to maintain architectural uniformity throughout the community.[7] In contrast, the recreation association in this case exercised powers and performed activities of a nature comparable to those performed by condominium associations under chapter 718, including assessing unit holders in order to acquire assets and make capital improvements.
In sum, because the recreation association is, in substance and function, acting as a condominium association, it is subject to the same statutory limitations to which condominium associations are subject. The recreation association's right to build a swimming pool on the subject property and assess unit owners for the cost succeeds or *442 fails based upon a unanimous vote of the unit owners as required by section 718.110(4), Florida Statutes (1985), not upon a bare majority vote. Accordingly, the appealed final judgment of declaratory relief entered in favor of appellant recreation association is reversed and the cause remanded for proceedings consistent with this opinion.
REVERSED.
ORFINGER and COBB, JJ., concur.
NOTES
[1] Under section 718.103(2), Florida Statutes, "Association" is defined to mean the corporate entity which is responsible for the operation of a condominium.
[2] In case law and declaratory statements issued by The Division of Florida Land Sales and Condominiums, Department of Business, "function" and "constituency" tests have been used to determine whether a particular corporation or association is a "condominium association" under chapter 718. See Siegel v. Division of Florida Land Sales and Condominiums, Department of Business Regulation, 453 So.2d 414, 417 (Fla. 3d DCA 1984), quashed, 479 So.2d 112 (Fla. 1985). The supreme court opinion in that case appears to have utilized both tests, though the court did not discuss these tests by name.
[3] Siegel, 453 So.2d at 417.
[4] The ties between the various Jungle Den Villas Condominium Associations and the recreational association are so pervasive and binding that we find the property owned by the recreational association to be condominium property as envisioned by the legislature when it enacted section 718.103(11), Florida Statutes (1985). Under that section, "Condominium Property" means the lands, leasehold, and personal property that are subjected to condominium ownership, whether or not contiguous, and all improvements thereon and all easements and rights appurtenant thereto intended for use in connection with the condominium.
[5] Having one "master association" or recreational association may be useful to maintain, administer, and possibly own certain common areas, especially where, as here, one condominium development is comprised of several separate phases, each having a separate condominium association. Yet, such an arrangement is subject to abuse, both innocent and intended.
[6] It is unclear from the opinion to what extent the supreme court based its decision on this application of the "constituency test."
[7] This aspect of the Siegel case addresses the "function" test.