HARRIS, J.
Appellees were purchasers of property in Highland Lakes Planned Unit Development and thus subject to the Declaration of Restrictions covering their property. They were also members of the Highland Lakes Property Owners Association, Inc. and were subject to the bylaws of such group. Appellant is the homeowners association which represents all property owners in the development.
Appellees, when they read the Declaration of Restrictions and the bylaws of the Association, believed that they were buying into a development with limited amenities and with assessments that would increase only in proportion to the increase in the operation and maintenance of the amenities in place. It appears, however, that a majority of the other purchasers read the same material and believed that they were buying into a development that could, pursuant to appropriate board action, expand the amenities of the development from those originally provided subject to assessment limitations provided in the bylaws. The issue before us is which owners read the documents correctly. The trial judge obviously agreed with appellees and prohibited the expansion of the project by the acquisition of additional property. We disagree and reverse.
The Declaration of Restrictions provides that the Association shall own such property as the developer “shall from time to time convey, lease, or loan to it.” The property acquired by appellant which prompted this action was purchased from the developer. The bylaws of the Association which were specifically referred to in the deed restrictions permitted the Association to “own, buy, sell or lease real or personal property as necessary to the exercise of its powers and duties.” The “powers and duties” of the Association included the “right to acquire, by gift, purchase or otherwise, real or personal property to hold the same, improve it, build upon it, operate, maintain, convey, sell, lease, transfer, or dedicate for public use.... ” A reading of these documents together supports the position of appellant.
The trial court in denying the Association the right to acquire additional property relied on S & T Anchorage, Inc. v. Lewis, 575 So.2d 696 (Fla. 3d DCA 1991), rev. denied, 626 So.2d 207 (Fla.1993), which held that “[t]he articles and bylaws must be consistent with the provisions of the superior document, the Declaration.” Appellees therefore urge that the Declaration itself must clearly and specifically authorize the Association to acquire additional property or else there is no authority. We, on the other hand, have taken the position that an association’s authority is derived from the Declaration and the bylaws if the bylaws are not inconsistent with the Declaration. See Martin v. Ocean Reef Villas Ass’n, Inc., 547 So.2d 1237 (Fla. 5th DCA 1989), rev. denied, 557 So.2d 35 (Fla.1990). We see no inconsistency between the *623 Restrictions and the bylaws which would prevent the Association, assuming it does so in full compliance with the restrictions imposed by the bylaws, from acquiring the property involved in this action.
REVERSED and REMANDED for further action consistent with this opinion.
COBB and GOSHORN, JJ., concur.