755 So.2d 824 (2000)
WELLINGTON PROPERTY MANAGEMENT, etc., et al., Appellants,
v.
PARC CORNICHE CONDOMINIUM ASSOCIATION, INC., etc., Appellee.
No. 5D98-2532.
District Court of Appeal of Florida, Fifth District.
May 5, 2000.
*825 Michael E. Marder and Stephanie A. Yelenosky of Greenspoon, Marder, Hirschfeld, Rafkin, Ross & Berger, P.A., Orlando, for Appellants.
David J. Kohs and Houston E. Short of Pohl & Short, P.A., Winter Park, for Appellee.

ON MOTION FOR REHEARING
HARRIS, J.
We grant the Motion for Rehearing and substitute the following opinion.
Appellants are the owners of various units in a condominium which at the time of purchase had certain designated common elements. Although there was no provision in the Declaration of Condominium which would permit the alteration or addition to the common elements, the Declaration did contain a general power to amend:
Except as provided below, this Declaration may be amended at any regular or special meeting of the unit owners called and convened in accordance with the Bylaws by the affirmative vote of voting members casting not less than fifty-one percent (51%) of the total vote of the members of the Association.
The issue before this court is whether a bare majority of the unit owners can, pursuant to this provision, amend the Declaration to add a new provision which permits the common elements to be amended or altered and, by applying this new provision retroactively, defeat the vested rights of the pre-amendment purchasers. We hold they cannot.
At a properly called meeting and based on the authority of the above general amending provision, the association, appellee herein, adopted the following amendment to its declaration by adding for the first time a specific power to change the common elements:
The Association shall have the power to alter, amend, or improve the common elements for the use and enjoyment of all unit owners upon fifty-one percent (51%) of the vote of the Board of Directors. Such alteration, amendment, or improvements may include the construction of facilities such as management offices, security guard houses, security gates, recreational facilities, etc.
The effect of the amendment, if applied retroactively, is to deprive a purchaser of a condominium unit of his or her vested interest in or to the common elements. In such a situation, even if one paid a premium to purchase a condominium at a tennis complex subject to a Declaration containing only a general power to amend, he or she may not object if the majority of the owners, after they grow older, use the general power to amend to convert the tennis courts into shuffleboard courts.
Because of the importance that many condominium owners place in "their" common elements, it is crucial, when interpreting a declaration containing merely a *826 general power to amend, to consider the statutory law and other provisions of the declaration and by-laws applicable when the condominium was purchased in order to determine existing rights.
If at the time of purchase the declaration or by-laws provide how and under what circumstances the common elements may be altered, then the purchaser takes subject to such provisions.[1] It is quite a different thing, however, to suggest that a purchaser can lose vested contractual rights because the association later amends the declaration under a general power to amend by adding a provision relating to the alteration of common elements which is inconsistent with the bylaws and the condominium law in effect at the time of purchase.
The exercise of the general power to amend the Declaration of Condominium which occurred in this case is contrary to the requirements of section 718.113(2) and section 718.110(4), Florida Statutes (1989), the law in effect when the condominium documents were recorded. Section 718.113(2) provided:
There shall be no material alteration or substantial additions to the common elements except in a manner provided in the declaration.[2]
Section 718.110(4) provided:
Unless otherwise provided in the declaration as originally recorded, no amendment may ... materially alter or modify the appurtenances to the unit .... (emphasis added).
At the time the condominium project was placed on the market, there was no provision in the Declaration of Condominium which permitted alterations or additions to the common area. A general power to amend, while it might authorize the addition of such a provision which would be effective against those who subsequently purchase, is not itself a provision which permits common elements to be altered or increased. A purchaser of a unit should be able to rely on the provisions of the declaration and by-laws then in effect in order to anticipate the cost of owning a unit, including the costs associated with the common elements, and thus determine whether he or she can afford it. And, in the absence of a provision permitting the common elements to be altered, the purchaser should be permitted to rely on their continued availability.
Appellee urges that the general power to amend the declaration is not only sufficient notice that a provision permitting the alteration or amendment to the common elements may subsequently be added, but also that any such amendment will be retroactive to the date of the declaration. Hence, appellee urges that an event (the subsequent amendment permitting alteration of common elements) occurring long after the declaration is recorded satisfies the legislative condition precedent that any amendment authorizing the alteration of common elements must appear in the declaration as originally recorded.
This argument is contrary to sections 718.113(2) and 718.110(4), Florida Statutes (1989). The purpose of these provisions was to protect the consumer/purchaser against unanticipated changes in the common elements which could dramatically affect the cost and enjoyment associated with owning a condominium. Hence, when the legislature provided that "[u]nless otherwise provided in the declaration as originally recorded, no amendment may ... materially alter or modify the appurtenances to the unit" (section 718.110(4)) and "[e]xcept as otherwise provided in this section, there shall be no material alteration *827 or substantial additions to the common elements ... except in a manner provided in the declaration," it was talking about a provision existing in the declaration at the time of purchase which would put one on notice whether and under what conditions the common elements could be modified, not merely that the declaration itself might be subsequently amended to set forth whether and under what conditions the common elements may be altered in the future.
It is clear that the developer, in preserving the right to amend the declaration, did not intend that this right to amend should be interpreted to void vested rights in the common elements acquired prior to any such amendment. The declaration must be construed in light of the by-law provision specifically incorporated into the declaration and which prohibits additions or alterations to the common elements "except as specifically provided for in said condominium(s) Declaration of Condominium[3], as provided by section 718.403 [phase construction], or where such additions or alterations are needed to maintain the quantity and quality of the common elements presently existing." (emphasis added). By specifically providing in the by-laws under what circumstances the common elements may be altered, the declaration, by incorporating the by-laws, has limited the general right to amend the declaration so that such amendment may not affect existing rights.
Appellee relies on the language added to section 718.110(4) the year following the recording of the declaration in this case. At the time this condominium was put on the market, the statute specifically required that any amendment which altered the "appurtenances to the unit" had to be approved by all of the unit owners unless it was provided otherwise in the declaration as originally recorded. This provision was interpreted by this court in Downey v. Jungle Den Villas Recreation Association, Inc., 525 So.2d 438, 440 (Fla. 5th DCA 1988), as follows:
Under section 718.110(4), Florida Statutes (1985), a material alteration or modification of the appurtenances to a condominium cannot be made absent unanimous approval of all unit owners. (Citations omitted). The purpose of this provision obviously is to prevent a majority of the members of a condominium association from making capital acquisitions and dispositions and material alterations and modifications (as distinguished from normal maintenance) which a majority of the unit owners might desire but which some unit owners might not want or be able to afford. Therefore, for a "condominium association" to acquire property, construct a pool on it, and assess each member for the cost, unanimous approval of each unit owner would be required.
Some years after this interpretation of section 718.110(4) by this and other courts, the legislature amended the language of the act to provide that the association's acquisition of property and its alterations or additions to the common elements, if accomplished in accordance with certain specific sections of the Condominium Act, "shall not" constitute a material alteration or addition of the appurtenances. Appellee urges that this language, which it contends is remedial in nature, relates back to the original declaration and makes Downey and the other cases construing this section of no precedential value. First, there is no indication that the legislature, by inserting this new provision, was "correcting" Downey. The new insertion merely reflects a policy shift in which the legislature has decided to grant more power to the homeowners' association than it had intended when the statute was first enacted. Notice that the legislature did not apply this provision to a developer who *828 controls the project until a specified number of units are sold before the project is turned over to a homeowners' association. Further, the change is not remedial but substantive. Before the amendment, neither the developer nor the homeowners' association could alter or modify the common elements without the unanimous consent of the owners who had purchased in reliance on the declaration and by-laws. This became a vested right of such owners. After the amendment, the common elements can now be altered or modified by the association upon a vote of "75 percent of the total voting interest." This is a substantial and substantive change. Permitting this provision to "relate back" would unconstitutionally interfere with the owners' contractual rights with the developer. Finally, even if the amendment applies to our case and even if its application were held to be constitutional, the association did not garner the necessary vote.
REVERSED and REMANDED with instructions to proceed in compliance with this opinion.
ANTOON, C.J., and COBB, J., concur.
NOTES
[1] See Highland Lakes Property Owners Ass'n Inc. v. Schlack, 724 So.2d 621 (Fla. 5th DCA 1998).
[2] The law has been amended to now provide that such changes, if not provided for in the declaration, may be made upon a 75 percent super-majority vote. Whether the amendment affects this case is immaterial since the association did not garner such majority.
[3] And there were no such provisions at the time the condominium was put on the market.