861 So.2d 494 (2003)
Herman NEUMAN and Seymour Okner, Appellants,
v.
GRAND VIEW AT EMERALD HILLS, INC., a Florida Corporation, Appellee.
No. 4D02-1125.
District Court of Appeal of Florida, Fourth District.
December 3, 2003.
*495 Usher Bryn, Aventura, for appellants.
Geoffrey B. Marks of Billbrough & Marks, P.A., Coral Gables, for appellee.

ON MOTION FOR REHEARING
WARNER, J.
We deny the motion for rehearing, withdraw our previously issued opinion, and substitute the following in its place.
The issue presented in this case is whether a condominium association rule banning the holding of religious services in the auditorium of the condominium constitutes a violation of section 718.123, Florida Statutes (2002), which precludes condominium rules from unreasonably restricting a unit owner's right to peaceably assemble. We hold that the rule does not violate the statute and affirm.
Appellee Grandview is a condominium association with 442 members, appellants being two of the members. Appellants reside at Grandview condominium during the winter months. The common elements of the condominium include an auditorium that members can reserve for social gatherings and meetings. Grandview enacted a rule governing the use of the auditorium in 1982, which provided that the auditorium could be used for meetings or functions of groups, including religious groups, when at least eighty percent of the members were residents of Grandview condominium. Generally, the only reservations made for the auditorium on Saturdays were by individual members for birthday or anniversary celebrations.
In January 2001, several unit owners reserved the auditorium between 8:30 and noon on Saturday mornings. While they indicated they were reserving it for a party, they actually conducted religious services. Approximately forty condominium members gathered for the services.
Upon discovering that religious services were being conducted on Saturdays in the auditorium, several other members complained to the Board of Directors *496 ("Board"). The Board met in February to discuss restrictions on the use of the auditorium and common elements for religious services and activities. The meeting became very confrontational between those members supporting the use of the auditorium for religious services and those opposing such use. Based upon the controversial nature of the issue, the Board's desire not to have a common element tied up for the exclusive use of a minority of the members on a regular basis, and to avoid conflicts between different religious groups competing for the space, the Board first submitted the issue to a vote of the owners. Seventy percent of the owners voted in favor of prohibiting the holding of religious services in the auditorium. The Board then voted unanimously to amend the rule governing the use of the auditorium. The new rule provided that "[n]o religious services or activities of any kind are allowed in the auditorium or any other common elements."
Appellants filed suit against Grandview seeking injunctive and declaratory relief to determine whether the rule violated their constitutional rights or was in violation of section 718.123, and whether the rule was arbitrarily and capriciously enacted by the Board. Grandview answered, denying that the rule was arbitrary or violated appellants' statutory or constitutional rights. Appellants moved for a temporary injunction alleging that Grandview was not only preventing the owners from holding religious services, it was also prohibiting the use of the auditorium for holiday parties, including Christmas and Chanukah, based upon its prohibition against using the common elements "for religious activities of any kind." The court granted the motion as to the use of the auditorium for religious activities of any kind but denied it as it applied to the holding of religious services. Based upon the temporary injunction as to religious activities, Grandview amended its rule to limit the prohibition to the holding of religious services in the auditorium.
At a hearing on appellants' motion for a permanent injunction against the rule, the appellants relied primarily on section 718.123, which prohibits condominium associations from unreasonably restricting the unit owners' rights to peaceable assembly. They argued that religious services fell into the category of a "peaceable assembly," and a categorical ban on the holding of religious services was per se unreasonable. Grandview maintained that it had the right to restrict the use of its common elements. Because the right of peaceable assembly did not mandate a right to conduct religious services, it had the right to poll its members and restrict the use based upon the majority's desires. As such, Grandview maintained the exercise of this right was reasonable.
In its final order denying the injunction, the court determined that because no state action was involved, the unit owners' constitutional rights of freedom of speech and religion were not implicated by Grandview's rule. The court determined that the rule did not violate section 718.123, as the condominium association had the authority to enact this reasonable restriction on the use of the auditorium. Appellants challenge that ruling.
Chapter 718, Florida's "Condominium Act," recognizes the condominium form of property ownership and "establishes a detailed scheme for the creation, sale, and operation of condominiums." Woodside Vill. Condo. Ass'n v. Jahren, 806 So.2d 452, 455 (Fla.2002). Thus, condominiums are strictly creatures of statute. See id. The declaration of condominium, which is the condominium's "constitution," creates the condominium and "strictly governs the relationships among the condominium *497 units owners and the condominium association." Id. at 456. Under the declaration, the Board of the condominium association has broad authority to enact rules for the benefit of the community. See id.
In Hidden Harbour Estates, Inc. v. Norman, 309 So.2d 180, 181-82 (Fla. 4th DCA 1975), this court explained the unique character of condominium living which, for the good of the majority, restricts rights residents would otherwise have were they living in a private separate residence:
It appears to us that inherent in the condominium concept is the principle that to promote the health, happiness, and peace of mind of the majority of the unit owners since they are living in such close proximity and using facilities in common, each unit owner must give up a certain degree of freedom of choice which he might otherwise enjoy in separate, privately owned property. Condominium unit owners comprise a little democratic sub society of necessity more restrictive as it pertains to use of condominium property than may be existent outside the condominium organization.
Section 718.123(1) recognizes the right of the condominium association to regulate the use of the common elements of the condominium:
All common elements, common areas, and recreational facilities serving any condominium shall be available to unit owners in the condominium or condominiums served thereby and their invited guests for the use intended for such common elements, common areas, and recreational facilities, subject to the provisions of s. 718.106(4). The entity or entities responsible for the operation of the common elements, common areas, and recreational facilities may adopt reasonable rules and regulations pertaining to the use of such common elements, common areas, and recreational facilities. No entity or entities shall unreasonably restrict any unit owner's right to peaceably assemble or right to invite public officers or candidates for public office to appear and speak in common elements, common areas, and recreational facilities.
(Emphasis added).
The statutory test for rules regarding the operation of the common elements of the condominium is reasonableness. The trial court found the rule preventing use of the auditorium for religious services was reasonable in light of the Board's concern for a serious potential for conflict of use which could arise among competing religious groups. Having polled the members and determined that a majority of the members approved the ban, the Board's rule assured that the auditorium was "available to unit owners in the condominium or condominiums served thereby and their invited guests for the use intended" in accordance with the statute. § 718.123(1).
The appellants' main argument both at trial and on appeal suggests that because the statute mandates that the Board may not "unreasonably restrict any unit owner's right to peaceably assemble," § 718.123(1), a categorical prohibition of all religious services exceeds the Board's powers, as the right to meet in religious worship would constitute the right to peaceably assemble. However, the right to peaceably assemble has traditionally been interpreted to apply to the right of the citizens to meet to discuss public or governmental affairs. See United States v. Cruikshank, 92 U.S. 542, 551-52, 23 L.Ed. 588 (1875). Assuming for purposes of this argument that the right to gather for religious worship is a form of peaceable assembly, the rule in question bans this particular form of assembly, but not all right to assemble. Certainly, a categorical ban *498 on the right of members to use the auditorium for any gathering would be contrary to statute. However, the statute itself permits the reasonable regulation of that right. Prohibiting those types of assembly which will have a particularly divisive effect on the condominium community is a reasonable restriction. See Hidden Harbour, 309 So.2d at 181-82. The Board found that permitting the holding of regular worship services and the competition among various religious groups for use of the auditorium would pose such conflict. Where the condominium association's regulations regarding common elements are reasonable and not violative of specific statutory limitations, the regulations should be upheld. See Juno By the Sea N. Condo. Ass'n v. Manfredonia, 397 So.2d 297, 302 (Fla. 4th DCA 1980). The trial court found the restriction reasonable under the facts. No abuse of discretion has been shown.
The judgment of the trial court is affirmed.
STONE and STEVENSON, JJ., concur.