407 So.2d 976 (1981)
TRADEWINDS OF POMPANO ASSOCIATION, INC., a Florida Corporation Not for Profit, Individually and As Representative of a Class; Richard Thompson and Ruby Thompson, His Wife, Individually and As Representatives of a Class; Roger Capettini, Individually and As Representative of a Class; David Davis and Miriam Davis, His Wife, Individually and As Representatives of a Class, Appellants,
v.
Stewart S. ROSENTHAL, As Trustee of the Lawrence W. Urbanek Revocable Living Trust No. 1; William Gundlach, As Trustee; Lawrence Urbanek; William A. Johnson, As Trustee of the Johnson-Hill Trust, Appellees.
No. 80-1036.
District Court of Appeal of Florida, Fourth District.
December 14, 1981.
Rehearing Denied January 25, 1982.
Mark B. Schorr of Becker, Poliakoff & Streitfeld, P.A., Fort Lauderdale, for appellants.
Davis W. Duke, Jr., of McCune, Hiaasen, Crum, Ferris & Gardner, Fort Lauderdale, for appellees.
PER CURIAM.
This is an appeal from a non-final order disbursing recreational lease rental deposits from the registry of the court. The trial court determined that Section 718.401(4), Florida Statutes (1979), which requires such deposits, is unconstitutional. We affirm by holding that Section 718.401(4) is unconstitutional as applied to the facts of this case.
The appellants, The Tradewinds of Pompano Association, Inc. and several unit owners, commenced suit against the original lessor and the present lessors of a condominium recreational lease contending that the lease was unenforceable for various reasons. *977 Pursuant to Section 718.401(4),[1] the appellants deposited certain of the unit owners' rents into the registry of the court. The lessors moved for an order directing the clerk to disburse the deposits to them, and further, directing the clerk not to accept any additional deposits. After a hearing, the court, finding Section 718.401(4) unconstitutional, granted the motion. This appeal followed.
All of the parties agree that the Florida Supreme Court declared Section 718.401(4) unconstitutional as an impermissible impairment of the obligation of contract, at least with respect to contracts in existence on the effective date of the legislation. Pomponio v. Claridge of Pompano Condominium, 378 So.2d 774 (Fla. 1980). The appellants contend that some of the unit owners' individual leases were executed after October 1, 1974, the alleged effective date of the predecessor of Section 718.401(4), and that the legislation, therefore, applies to their obligations. The appellees contend that the lease came into existence prior to October 1, 1974. According to the Pomponio decision, therefore, Section 718.401(4) would constitute an unconstitutional impairment of the obligation of contract created by the lease.
A master lease, attached to the declaration of condominium, was recorded in the Official Records of Broward County on April 30, 1974. This set the stage for the sale of the condominium units. As each unit was sold, the buyer was required to execute the master lease and a short form lease. Only the short form lease was recorded thereafter in the official records.
We hold that the recording of the declaration of condominium and the master lease established the rights and obligations of the lessors. Presumably, some sales were made and recorded prior to October 1, 1974, because the notice of rent deposits was limited to that class of owners who had executed short form leases after October 1. Nevertheless, the fact that some of the unit owners became parties to the lease after October 1 does not alter the existence of the lease and the lessors' obligations before that date. Consequently, because the lease existed prior to the effective date of Section 718.401(4), Pomponio dictates a finding that under these facts the application of the statute is unconstitutional as impairing the contract rights of the lessors.
Accordingly, we affirm the order disbursing the rental deposits from the registry of the court. In view of our narrow holding, it is unnecessary to discuss the other arguments raised by the parties.
MOORE and HERSEY, JJ., concur.
LETTS, C.J., concurs specially with opinion.
*978 LETTS, Chief Justice, concurring specially:
I concur in conclusion only and would comment that I am surprised that the record as presented contained no copy of the declaration of condominium.
NOTES
[1] 718.401(4)(a) In any action by the lessor to enforce a lien for rent payable or in any action by the association or a unit owner with respect to the obligations of the lessee or the lessor under the lease, the unit owner or the association may raise any issue or interpose any defenses, legal or equitable, that he or it may have with respect to the lessor's obligations under the lease. If the unit owner or the association initiates any action or interposes any defense other than payment of rent under the lease, the unit owner or the association shall, upon service of process upon the lessor, pay into the registry of the court any allegedly accrued rent and the rent which accrues during the pendency of the proceeding, when due. If the unit owner or the association fails to pay the rent into the registry of the court, it shall constitute an absolute waiver of the unit owner's or association's defenses other than payment, and the lessor shall be entitled to default. The unit owner or the association shall notify the lessor of any deposits. When the unit owner or the association has deposited the required funds into the registry of the court, the lessor may apply to the court for disbursement for all or part of the funds shown to be necessary for the payment of taxes, mortgage payments, maintenance and operating expenses, and other necessary expenses incident to maintaining and equipping the leased facilities. The court, after an evidentiary hearing, may award all or part of the funds on deposit to the lessor for such purpose. The court shall require the lessor to post bond or other security, as a condition to the release of funds from the registry, when the value of the leased land and improvements, apart from the lease itself, is inadequate to fully secure the sum of existing encumbrances on the leased property and the amounts released from the court registry.