PER CURIAM.
 

 This case is before the Court on appeal from a decision of the Third District Court of Appeal,
 
 Cohn v. Grand Condominium Ass’n,
 
 26 So.3d 8 (Fla. 3d DCA 2009), which held a state statute unconstitutionally applied to impair the parties’ contract in violation of article I, section 10 of the Florida Constitution.
 
 [1]
 
 We affirm.
 

 Organized in 1986, The Grand Condominium is a mixed-use condominium comprising 810 residential units, 259 commercial units, and 141 retail units. The Grand’s articles of incorporation, declaration of condominium, and bylaws provide for a seven-member board of directors governing the association, with two members each elected by the residential unit owners, the commercial unit owners, and the retail unit owners, and the seventh member elected at-large.
 

 In 1995, the Legislature enacted section 718.404, Florida Statutes, regulating mixed-use condominiums. Ch. 95-274, § 38, Laws of Fla. Section 718.404(2) established that in mixed-use condominiums with fifty percent or greater residential-composition, the residential unit owners must be entitled to vote for a majority of seats on the board of directors. In 2007, the Legislature amended section 718.404(2) to make it retroactive, adding, “This subsection shall apply retroactively as a remedial measure.” Ch.2007-173, § 5, Laws of Fla.
 

 Susan Cohn, a residential unit owner at The Grand, then requested that The Grand change its voting system accordingly. The Grand filed a declaratory judgment action, seeking a declaration that subsection 718.404(2) constituted an unconstitutional impairment of contract as applied to The Grand. The trial court granted summary judgment in The Grand’s favor, holding that the retroactivity provision was unconstitutional under article I, section 10 of the Florida Constitution, and the Third District affirmed.
 

 In Florida, a condominium regime may be created only under chapter 718, the Condominium Act. § 718.104, Fla. Stat. (1985). A condominium is established by recording a declaration of condominium, which is the document that governs the condominium and is binding on all unit owners.
 
 See
 
 § 718.104(2)-(7), Fla. Stat. (1985). A declaration of condominium possesses “attributes of a covenant running with the land” and operates as a contract among unit owners and the association, “spelling out mutual rights and obligations of the parties thereto.”
 
 Woodside Vill. Condo. Ass’n v. Jahren,
 
 806 So.2d 452, 456 (Fla.2002) (quoting
 
 Pepe v. Whispering Sands Condo. Ass’n,
 
 351 So.2d 755, 757 (Fla. 2d DCA 1977)).
 

 Here, The Grand’s declaration establishes that the retail and commercial unit owners, collectively, shall have majority vote control over the board of the directors. The Grand’s declaration, which was filed in 1986, adopts the terms of “the Condominium Act of the State of Florida (Florida Statute 718, et seq.) in effect as of the date of recording this Declaration” and does not contain “as amended from time to time” language subjecting it to future statutory changes to the Condominium Act.
 
 See Angora Enters., Inc. v. Condo. Ass’n of Lakeside Vill.,
 
 796 F.2d 384, 386 (11th Cir.1986) (noting that express agreement by parties in the declaration of condominium regarding application of future statutes to the association may determine whether
 
 *1122
 
 parties have a “constitutional protection against future amendments to the Florida Condominium Act which, absent such an agreement, might arguably impair a party’s contract obligation”);
 
 Sans Souci v. Div. of Fla. Land Sales & Condos.,
 
 421 So.2d 623, 628 (Fla. 1st DCA 1982) (“[F]or purposes of considering whether there has been an unconstitutional impairment of a contractual obligation by statutes regulating condominiums, ... there must be determined the date of filing of the superior declaration of condominium and its subordinate documents, such as the master sublease, since such date controls for purposes of fixing the parties’ rights and obligations.”). Therefore, by changing the distribution of voting power, the retroactive application of section 718.404(2) would alter the rights of The Grand’s unit owners in contravention of their contractual agreement.
 

 Article I, section 10 of the Florida Constitution prohibits the enactment of any “law impairing the obligation of contracts.” Accordingly, because section 718.404(2) impairs the obligation of contract as applied to The Grand, we affirm the holding of the Third District below.
 
 See Pomponio v. Claridge of Pompano Condo., Inc.,
 
 378 So.2d 774, 776 (Fla.1979) (discussing “the principle that all laws impairing the obligations of contract are constitutionally prohibited”);
 
 Dewberry v. Auto-Owners Ins. Co.,
 
 363 So.2d 1077, 1080 (Fla.1978) (“It is axiomatic that subsequent legislation which diminishes the value of a contract is repugnant to our Constitution.”)
 

 It is so ordered.
 

 CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 [1]
 

 . We have jurisdiction.
 
 See
 
 art. V, § 3(b)(1), Fla. Const.