# Third District Court of Appeal

## State of Florida

Opinion filed March 5, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0589
Lower Tribunal No. 18-30598-CA-01
_____

**Whitehall at Bal Harbour Condominium Association, Inc.,**
Appellant,

vs.

**Yaffa Raviv,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Tanya Brinkley, Judge.

Boyd Richards Parker Colonnelli, and Yvette Lavelle, for appellant.

Ramhofer | Garcia, and Alejandro F. Garcia and Alexis M. De La Rosa, for appellee.

Before EMAS, SCALES and MILLER, JJ.

SCALES, J.

In this case involving claims by a unit owner against a condominium association, appellant, defendant below, Whitehall at Bal Harbor Condominium Association ("Association") seeks appellate review of a non-final order granting appellee, plaintiff below, Yaffa Raviv's motion for leave to file a second amended complaint asserting punitive damages against Association (the "Motion"). We have jurisdiction to review the challenged non-final order. Fla. R. App. P. 9.130(a)(3)(G). We reverse the challenged order because Raviv's operative second amended complaint does not allege a tort claim premised upon Association conduct that is separate and independent from Raviv's contract claim against Association. Raviv, therefore, has not satisfied the pleading component of the punitive damages inquiry.

## I.    Relevant Background

### A. _Raviv's operative complaint_

Raviv's operative second amended complaint contains counts for negligence, injunctive relief and breach of contract.[1] In support of both the

---

[1] The injunction count was resolved in Raviv's favor in a November 2022 ruling. Subsequently, the trial court denied Raviv's motion for summary judgment on the negligence and breach of contract counts.

negligence and breach of contract counts, Raviv makes the same factual allegations.

Raviv owns a condominium unit in the Whitehall at Bal Harbour condominium (the "Condominium") in Bal Harbour, Florida. Starting in July 2015, Raviv complained to Association about water intrusion in her unit and a rodent infestation in the attic space above her unit. Raviv continued to complain for the next two years but Association and its property manager took no action in response, and individual Association board members were dismissive of her complaints. Individual board members told Raviv there was nothing wrong with her unit and the problems were "all in her head."

With regard to the duty owed by Association, Raviv's operative complaint alleges in both the negligence and breach of contract counts that Association had a duty to "maintain, repair and replace the common elements" of the Condominium and to "investigate complaints of damage in a timely and good-faith manner." Raviv also alleged in both counts that Association had a "duty . . . to adequately create budgets and reserve studies, establish and maintain a level of assessments to fund the Condominium's operations, maintenance and other expenditures, and to provide for adequate replacement costs and sufficient reserves for the Condominium."

3

With regard to allegations of breach of duty, in both the negligence and breach of contract counts, Raviv's operative complaint contains the identical assertions of breach. Specifically, Raviv alleges that, despite Raviv's complaints, Association refused to address the causes of water intrusion and take the steps necessary to maintain, repair or replace the Condominium's common elements. Raviv also alleges in both counts that Association failed to adequately create budgets and reserves, and that Association was unable to fulfill its maintenance responsibilities – even if it had heeded Raviv's complaints – because the Condominium was mis-managed and its budget and reserves were underfunded.

As to the damages sustained by Raviv as a result of Association's alleged breaches, both the negligence and breach of contract counts in Raviv's operative complaint allege that water intrusion caused Raviv to suffer property damage. In the negligence count, Raviv additionally claims the water intrusion caused Raviv to suffer health issues that forced Raviv to move out of her unit periodically and sleep in her car. In both counts, Raviv sought the same relief: compensatory damages, punitive damages, pre- and post-judgment interest, attorney's fees, and her share of a special assessment levied by Association to fund this litigation.

B. *The proceedings below*

Raviv sued Association on September 9, 2018. On May 12, 2023, Raviv filed the Motion seeking leave to assert a claim for punitive damages, attaching to the Motion Raviv's proposed second amended complaint.

The trial court referred the Motion to a general magistrate. After conducting an evidentiary hearing, the general magistrate, on July 18, 2023, issued a report and recommendation that found Association's behavior, on a cumulative basis over a two and a half-year period from 2015 to 2017, amounted to gross negligence, entitling Raviv to amend her complaint to assert a punitive damages claim. The general magistrate further found that, because Association started to address Raviv's complaints with an August 28, 2017 roof inspection, Raviv could not direct her punitive damages claim to events subsequent to this date.

The parties filed exceptions to the report and recommendation. The trial court conducted a hearing on the exceptions and entered the challenged March 8, 2024 order overruling the parties' exceptions and granting the Motion consistent with the general magistrate's report and recommendation. The trial court's March 8, 2024 order specified that punitive damages were not recoverable under Raviv's breach of contract count.

Association timely appealed.

5

II.    **Analysis**[2]

While Association asserts several grounds for reversal of the challenged order, we address only Association's argument on appeal that, because Raviv did not allege any Association conduct that is separate and independent from the conduct alleged in Raviv's breach of contract claim, the trial court erred in granting Raviv's Motion.

A. *Required pleading component of punitive damages claim*

By its adoption of section 768.72, the Florida Legislature put limits on how a party may assert a claim for punitive damages.[3]  Before a plaintiff may plead a punitive damages claim against a defendant, the plaintiff must (i) file a motion for leave to amend, attaching a proposed amended complaint that contains sufficient allegations to support a claim of punitive damages, Vaziri v. Jerkins, No. 4D24-1534, 2025 WL 44970, at *2 (Fla. 4th DCA Jan. 8, 2025) ("the pleading component"), and (ii) establish, through evidence in the record or through evidentiary proffer, that the defendant's conduct amounts to either

_____

[2] We review *de novo* a trial court order granting a motion for leave to amend a complaint to assert a punitive damages claim. Friedler v. Faena Hotels & Residences, LLC, 390 So. 3d 186, 187 n.1 (Fla. 3d DCA 2024).

[3] To implement the statute's procedural components, the Florida Supreme Court adopted Florida Rule of Civil Procedure 1.190(f), which became effective on January 1, 2004. See Amends. to the Fla. Rules of Civil Procedure (Two Year Cycle), 858 So. 2d 1013, 1014 (Fla. 2003).

intentional misconduct or gross negligence. <u>Varnedore v. Copeland</u>, 210 So. 3d 741, 746 (Fla. 5th DCA 2017) ("the evidentiary component").

Before reaching the evidentiary component inquiry of the proposed claim, the trial court – in performing its role as the "gatekeeper" of whether the punitive damages claim may be asserted – must first determine, in its inquiry into the pleading component, whether the proposed amended complaint sets forth a claim for which punitive damages are recoverable. <u>Id.</u> at 745. The trial court should evaluate the pleading component of the inquiry keeping in mind that punitive damages are not recoverable in a breach of contract claim, absent allegations of a tort claim that is separate and independent from the plaintiff's contract claim. <u>Abad v. Lacalamita</u>, 353 So. 3d 1217, 1219 (Fla. 3d DCA 2022).

B. *Raviv's proposed second amended complaint*

While Raviv's operative complaint purports to assert a negligence claim against Association, and the trial court's order states that punitive damages are not recoverable for Raviv's breach of contract claim, the gravamen of Raviv's negligence claim is *identical* to Raviv's breach of contract claim.[4] Indeed, Raviv alleges in her negligence count that

---

[4] It is well established that the duties a condominium association owes to condominium unit owners are contractual duties that arise out of the

7

Association breached its "legal duty of care to take reasonable steps to maintain, repair, and replace the common elements of the Condominium so as to prevent or minimize the risk of damage to [Raviv]" by "refusing to address the cause(s) of the water intrusions and to take the necessary or appropriate actions to maintain, repair or replace the common elements." This is virtually identical to both the duty and the breach alleged in Raviv's breach of contract claim.

Raviv suggests that her negligence claim alleges a tort separate and independent of her contract claim because her negligence claim seeks damages for personal injury that are not sought in her breach of contract claim. While Raviv's allegation of personal injury may cause her negligence claim to survive a dismissal motion brought pursuant to Florida's independent tort doctrine, the inquiry conducted under the pleading component of a punitive damages claim is somewhat different, focusing *exclusively* on the allegations related to Association's conduct without regard to Raviv's alleged damages. In other words, a trial court's inquiry into

---

association's governing documents. See Cohn v. Grand Condo. Ass'n, 62 So. 3d 1120, 1121 (Fla. 2011) ("A declaration of condominium . . . operates as a contract among unit owners and the association, 'spelling out mutual rights and obligations of the parties thereto'." (quoting Woodside Vill. Condo. Ass'n v. Jahren, 806 So. 2d 452, 456 (Fla. 2002))).

8

whether a punitive damages claim may be asserted is focused <u>not</u> on the injury or damage sustained by the plaintiff, but rather, on the defendant's conduct. <u>See, e.g.</u>, <u>Owens-Corning Fiberglas Corp. v. Ballard</u>, 749 So. 2d 483, 486 (Fla. 1999) ("Under Florida law, the purpose of punitive damages is not to further compensate the plaintiff, but to punish the defendant for its wrongful conduct and to deter similar misconduct by it and other actors in the future."). Raviv's operative complaint alleges no additional wrongful conduct by Association that is in any way materially different from the alleged Association conduct that forms the basis of Raviv's breach of contract claim. <u>See</u> <u>S. Bell. Tel. & Tel. Co. v. Hanft</u>, 436 So. 2d 40, 42 (Fla. 1983); <u>Abad</u>, 353 So. 3d at 1219.

At oral argument, counsel for Raviv argued that the allegations contained in paragraph 79 of Raviv's complaint[5] – coupled with the "ongoing nature" of Association's conduct – transformed Association's alleged breach of contract into a separate and distinct tort independent from Raviv's breach of contract claim. This argument is flawed, not only because paragraph 79

---

[5] Paragraph 79 of Raviv's operative complaint, contained within Raviv's breach of contract claim, alleges: "These acts and omissions constitute an independent tort in that they were reckless, intentional, willful, committed in bad faith, committed with malicious purpose, committed in a manner exhibiting wanton and willful disregard of human rights, safety or property, or some combination thereof."

9

is contained within the complaint's breach of contract claim, but also because, irrespective of which claim the allegations support, the underlying basis of both claims is that Raviv suffered damages resulting from Association allegedly not performing the duties it was contractually bound to perform under its Declaration of Condominium. Whether such conduct was isolated to one occurrence, or occurred numerous times despite notice, is irrelevant to the trial court's inquiry into whether the alleged conduct, as asserted in the operative complaint, was *separate, distinct and independent* from the conduct underpinning Raviv's breach of contract claim. Abad, 353 So. 3d at 1219; Peebles v. Puig, 223 So. 3d 1065, 1068 (Fla. 3d DCA 2017).

In sum, after conducting our *de novo* review of the pleading component of the punitive damages inquiry, we conclude that Raviv's second amended complaint fails to allege Association conduct that is separate, distinct and independent from the Association conduct underpinning Raviv's breach of contract claim; thus, Raviv's punitive damage claim cannot survive the pleading component of the punitive damages inquiry. Abad, 353 So. 3d at 1219; see Kenny v. Everlong, LLC, 49 Fla. L. Weekly D2397, 2024 WL 4899794, at *2 (Fla. 4th DCA 2024); TRG Desert Inn Venture, Ltd. v. Berezovsky, 194 So. 3d 516, 519 n.3 (Fla. 3d DCA 2016). We therefore

10

reverse the challenged order and remand for proceedings not inconsistent with this opinion.

Reversed and remanded.[6]

---

[6] Because we conclude the trial court erred in conducting the inquiry required under the pleading component of a punitive damages motion, we do not reach, and express no opinion on, whether the general magistrate or trial court erred in its inquiry under the evidentiary component of the punitive damages motion. We also note that our decision is limited to whether Raviv's operative complaint alleges a claim giving rise to the availability of punitive damages, and nothing in this opinion should be construed to limit or restrict Raviv's ability to recover compensatory damages.